Commonwealth of Pennsylvania, Department of Revenue, Appellant, *v.* State Civil Service Commission of the Commonwealth of Pennsylvania and Albert H. Ladner, Appellees.

Argued February 7, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*David J. Batdorf*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellant.

*John B. Lynch*, for appellee, Ladner.

OPINION BY JUDGE ROGERS, March 14, 1974:

The Commonwealth, by its Department of Revenue, has appealed from an adjudication of the State Civil Service Commission reinstating Albert H. Ladner to his former position of Director of the Department's Internal Audits Division. Mr. Ladner had been removed from this position, which he had held for nine years and as to which he had long since acquired regular status in the State Civil Service.[1] Mr. Ladner denied the appointing authority's accusations of inefficiency, insubordination and incompetency and in addition contended that his firing was an act of political partisanship by the Secretary. The Commission found for Mr. Ladner on both issues.

The Department of Revenue here questions only the sufficiency of the evidence supporting the Commission's findings that the Department had not established, as was its burden, that Mr. Ladner was inefficient, insubordinate and incompetent, and that Mr. Ladner had carried his burden of proving that his removal was politically motivated. We are thus required to examine the record, not for the purpose of weighing the evidence and making a new determination, but rather for the purpose of determining whether the Commission exercised a reasonable discretion in making the findings. We may not substitute our judgment for that of the Commission and we must accept its findings if they are supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. *Ricker v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 329, 300 A. 2d 293 (1973); *Gibbs v. Civil Service Commission*, 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971); *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A. 2d 368 (1971).

---

[1] Established by The Civil Service Act, Act of August 5, 1941, P. L. 752, 71 P.S. §741.1 et seq.

Mr. Ladner could not be removed except for just cause. Civil Service Act, Act of August 5, 1941, P. L. 752, §807(a), 71 P.S. §741.807(a). His superiors were prohibited from discriminating against him in retention on any non-merit factor, including political. 71 P.S. §741.905(a).

The Internal Audits Division of Department of Revenue consisted of five sections, the functions of which were (1) to audit other divisions of the Department of Revenue (2) to investigate matters of concern to the Department (3) to make collection of worthless checks received by the Department and other agencies of State government (4) to provide corporation clearance certificates requested by taxpayers and (5) to provide security and protective services to Department facilities. In April of 1971, Mr. Ladner's performance was formally evaluated by the Secretary of Revenue as excellent in seven of nine rating categories, including quality of work, administrative ability and relationships with others, and very good in the remaining two factors. Mr. Ladner was removed for asserted inefficiency, insubordination and incompetency by the Secretary on May 10, 1973.

The Secretary of Revenue did not testify in support of his action. The Department produced three witnesses. The first was the Chief Investigator of the Department, a former United States Secret Service Officer with no background in accounting or auditing, who had joined the Department in April 1971 and who was directed by the Secretary to conduct a general investigation of Mr. Ladner's Division in October of 1971. The investigator produced in a report dated November 17, 1971 which is in the record. This document, as might be expected, includes a number of suggestions for improvement of the work of the Division; but the deficiencies described therein are attributed to the inexperience of employes, vacancies in the staff and the assign-

ment to this unit of an unreasonable and unmanageable number of bad checks for collection, including some from other Departments. An opening paragraph reads: "The present Director was appointed in 1964 and since this time two additional sections were added to the staff which entailed additional personnel so that the present complement calls for 63. However, due to political firings, the actual complement is now 55." The only matter critical of Mr. Ladner was an intimation that he gave inconsistent answers to some questions concerning the work. In any event, this report was neither provided to Mr. Ladner nor discussed with him by anyone. The Chief Investigator in his testimony described Mr. Ladner as of this time as courteous and willing to accept suggestions as to improvements in the Division's work.

In March, 1972, the Chief Investigator was again sent to Mr. Ladner's Division, this time to reorganize the guard force. He did so, choosing from among existing employes a supervisor for the reorganized unit. The Chief Investigator testified that Mr. Ladner was not cooperative on this occasion, without elaboration.

The Department's second witness was an expert accountant sent to advise the Division with respect to the deluge of bad checks it was required to collect. This gentleman said little more than that the Division was understaffed, underequipped and overburdened with work.

The Department's final witness was the supervisor of guards chosen by the Chief Investigator when the security unit was reorganized. He testified that Mr. Ladner frequently criticized him in strong terms and reminded him that he, Ladner, was the Director of the Division.

Mr. Ladner testified in his own behalf stating that he did not resent and followed suggestions of the Chief Investigator and the expert accountant; that he sub-

mitted to the Deputy Secretary monthly reports of the activities of his Division; that the Division under his leadership had steadily increased the amount of money collected on account of worthless checks; that no superior had ever discussed with him the Chief Investigator's report of November 1971; that he had not seen the report before the Commission hearing; that he had never received a complaint, reprimand or suggestion from any superior that his work was "insufficient or inadequate in any way;" and that he took the supervisor of the guards unit to task for, among other matters, exempting himself from weekend duty and for not wearing his uniform while on duty.

It is unnecessary for us to detail Mr. Ladner's unrebutted account of his firing which he contended was, and which the Commission accepted as, proof of political motivation in his removal.

The most that could have been said for the Department's case against Mr. Ladner, if the Commission had chosen to accept its version, is that the Audits Division was unable to do all of the work assigned to it; that the deficiencies in the Division's work were partially the result of the poor quality and insufficient number of workers assigned to it and the inadequate equipment with which it was supplied; that Mr. Ladner was in some unspecified manner uncooperative with an investigator sent to reorganize a unit of his Division; and that Mr. Ladner expressed displeasure with the manner in which one subordinate carried out his duties. In the light of Mr. Ladner's explanations and denials and his positive and unrebutted testimony that he had received no complaint concerning his work during the period when it was allegedly deficient, the Commission's conclusion that there was not just cause for his removal was not an abuse of its discretion.

The Department's evidence, such as it was, having been refuted and Mr. Ladner's testimony tending to

show a non-merit cause for his dismissal not having been rebutted, we are unable to disapprove the Commission's findings or dispute its decision.

## ORDER

And Now, this 14th day of March, 1974, the appeal of the Commonwealth by its Department of Revenue is dismissed and the order of the Civil Service Commission is affirmed.