William E. Foster, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued January 11, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three. Reargued June 5, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Saul Davis,* for appellant.

*Marx S. Leopold,* with him *Louis Kwall,* Special Assistant Attorney General, and *Barnett Lieberman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 28, 1974:

William E. Foster, formerly the person in charge of maintenance at Woodville State Hospital of the Department of Welfare, was suspended for thirty days and then removed from that position and from his Civil Service classification of Institutional Superintendent V, regular status, by the Acting Superintendent of the hospital.[1] The Civil Service Commission dismissed Mr. Foster's appeals and he appealed its action to this court. On February 1, 1974 we filed our opinion and order sustaining the appeal on the sole ground that the Acting Superintendent of Woodville State Hospital was not Mr. Foster's appointing authority. The Commonwealth filed a petition for reargument, citing for the first time in these proceedings Section 1111 of the Public Welfare Code, Act of June 13, 1967, P. L. 31, art. 11, 62 P.S. §1111 providing, *inter alia,* that "He [the Commissioner of Mental Health] shall recommend to the secretary [of Welfare] the appointment of the superintendents of State mental institutions who in turn shall assign, appoint and dismiss personnel of the in-

---

[1] Mr. Foster's removal was effective February 28, 1972. He had been suspended for ten days effective January 26, 1973 and for thirty days effective February 9, 1973. His appeals are from both the thirty day suspension and the removal. The appellant's contention that the appointing authority violated Section 803 of the Civil Service Act, Act of August 5, 1941, P. L. 752, 71 P.S. §741.803, prohibiting suspensions exceeding thirty working days in one calendar year, is without merit. While the suspensions as imposed aggregated forty days, the removal action occurred on the thirty-fourth day of suspension. Not counting as working days Sundays only, the removal took place on the twenty-ninth working day.

stitutions."[2]   We granted and conducted reargument and the matter is again before us for decision.

In counter to the provisions of statute lately cited by the appointing authority, the appellant argues that the record does not establish that the acting superintendent was appointed on recommendation of the Commissioner of Mental Health and that an acting superintendent in any case does not have the power of a superintendent. The person who suspended and removed the appellant did so in her capacity, uncontested in the record, as acting superintendent of Woodville State Hospital. In *Commonwealth ex rel. Palermo v. Pittsburgh,* 339 Pa. 173, 13 A. 2d 24 (1940), the issue was the validity of Palermo's appointment as a city clerk by one Neubauer then acting as city public safety director without asserted necessary confirmation by city council. The Supreme Court held that it was unnecessary for it to determine whether Neubauer was *de jure* the director of public safety because under the law acts affecting the public and third persons as distinguished from those benefiting themselves of *de facto* public officials—that is, persons actually performing offices under color of authority—are valid. By the same principle, therefore, the acting superintendent's suspension and removal actions were not subject to contest by the appellant.

We are, therefore, required to consider the appellant's appeal from the Civil Service Commission's approval of his suspension and removal on the merits.

The appellant's thirty day suspension and removal were founded on the following reasons, timely provided:

"A. Misconduct of duty which tends to be of a disgraceful nature which results in discredit upon the De-

---

[2] An identical provision appears at Section 2313.1 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, added December 14, 1955, P. L. 853, §6, 71 P.S §.603.1.

partment of Public Welfare and upon Woodville State Hospital.

"B. Unreasonable delay in carrying out instructions as pertains to the overall operational efficiency of the Maintenance Program of Woodville State Hospital.

"C. Past performance as relates to job duty and failure to make command decisions while under the direct influence of alcohol.

"D. Engaging in an act with one of your employees, to wit, Mr. Donaldson E. Carter, whereby you made threatening gestures and used abusive language in your office to Mr. Carter and in front of collective bargaining witnesses.

"E. Bribery or contributing toward a bribe to a State employee, to wit, Mr. Donaldson E. Carter, which occurred off the grounds in the form of a $100.00 check which you admitted was done while you were under the influence of alcohol."

No evidence relating to reason D was offered by the appointing authority and the Commission so found.

The appellant argues that reasons A, B and C are too vague to be the proper foundation for a fair hearing and are violative of a Civil Service Commission Rule 950.3, 4 Pa. Code §105.3, requiring clarity and completeness in the statement of charges. We can agree with the appellant's objection to reason A; without, however, agreeing that the record does not contain descriptions of disgraceful behavior by appellant, one being his appearance in an intoxicated condition at a trustees' tour of the hospital. In view of the appellant's sole responsibility for upkeep at the hospital, reason B, charging a failure to carry out orders concerning his duties, is in our view a sufficient statement of delinquency. For the same reason, charge C adequately describes failure to perform executive duties due to abuse of alcoholic drink, the appellant's besetting problem.

The appellant contends that none of the charges are supported by substantial evidence. We have carefully reviewed the record and have concluded that there is substantial evidence in support of the Commission's findings that the appellant failed to comply with instructions as charged in reason B, that he performed his executive duties ineffectively as the result of drink as stated by reason C and that he offered an improper inducement to another employe to influence an employment decision by the latter.

The charge of failing to comply with orders is supported by testimony that various items needing the appellant's attention were repeatedly ordered or requested to be accomplished without result. Chief among these were the matters of generators which had been on the hospital grounds for three years without complete installation and of clothes washers and dryers intended for use by patients, which the acting superintendent was unable ever to induce the appellant to install. For these and other unfinished work of which complaint was made in the record, the appellant had explanations which, if fully credited, might have been exonerating. It is not, however, for us to weigh the evidence or to change the Commission's findings. *Commonwealth v. Civil Service Commission and Ladner*, 12 Pa. Commonwealth Ct. 400, 316 A. 2d 676 (1974).

Reason C, in effect charging poor performance of duty and failure to direct the work of others because of drink, is amply supported by a reliable source, a co-worker who testified in part as follows: "Q. Did you ever observe Mr. Foster intoxicated or you believed to be intoxicated? A. Oh, yes. Q. On how many occasions would you say that would be? A. Numerous. Q. By numerous, what do you mean? Fifteen, 20, 30? A. Well, I never stopped to count them all. Q. You mean it was more than you can recall? A. Right. I mean it was very frequent at times. Q. Was that within the

last year as well? A. In the last year, too, yes. Q. When he was in this condition, did the same amount of work get done? A. No, that's when we had a backdown. Q. What happened during that time? A. Well, as a rule most of the men report directly to Mr. Foster. I mean this has caused numerous problems among the supervisors, so when Mr. Foster would be off the men didn't feel that they should take direct orders from us unless it was something of an important nature or emergency nature, so the things would come sort of as a backdown because the men wanted to take their orders from Mr. Foster."

The incident which is the subject matter of reason E was perhaps overstated when characterized by the appointing authority as bribery. It was, however, a serious indiscretion. The appellant, while under a ten days' suspension, met an employe named Carter in a local bar. Mr. Carter was, to the appellant's knowledge, about to apply for a promotion to the civil service position of groundskeeper II which the appellant wanted another to have. The appellant urged Mr. Carter not to apply for the position and as an inducement promised to promote him a labor foreman within a year. In response to Mr. Carter's inquiry as to what security he had for the appellant's promise, appellant issued his postdated $100 check payable to Mr. Carter and the bar attendant. Mr. Carter not only applied for the groundskeeper position, he complained to his union, which resulted in a further imbroglio of unspecified nature and dimension.

The appellant finally contends that his removal was contrary to the Commonwealth's policy on alcoholism of its employes, which suggests forebearance of disciplinary action until treatment has proved unsuccessful or the alcoholic employe has refused treatment and help. The appellant relies in this regard on consultations with physicians, including one on the hospital

staff. The Commonwealth statement of policy is on the record. The difficulty with the appellant's contention is that after numerous earnest expressions of concern for the victim of alcoholism, the policy statement concludes with the admonition: "[d]isciplinary action will involve initial and subsequent temporary layoff, which, depending on the process of the case, may lead to termination of employment." This is exactly what happened in this case.

## Order

And Now, this 28th day of June, 1974, it is ordered that the appeal of William E. Foster be and it is hereby dismissed; and the order of the Civil Service Commission is affirmed.