Joan M. Brennan, Plaintiff, *v.* Paul J. Smith, Secretary of the Department of Labor and Industry, and Joseph J. Marino, Deputy Secretary of the Department of Labor and Industry of the Commonwealth of Pennsylvania, Defendants.

Argued June 3, 1974, before President Judge BowMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*W. J. Krencewicz,* for plaintiff.

*Herbert S. Cohen,* Assistant Attorney General, with him *Charles S. Solit,* General Counsel, for defendants.

OPINION BY JUDGE CRUMLISH, JR., *August 9, 1974:*

Before this Court for disposition are Plaintiff's exceptions to the Adjudication and Decree Nisi filed December 5, 1973 which dismissed Plaintiff's Action in Equity.

Plaintiff, Joan M. Brennan, was appointed hearing stenographer for the Workmen's Compensation Board by the Secretary of Labor and Industry on or about April 29, 1964. She worked in that capacity until February 23, 1972, when the Deputy Secretary of Labor and Industry, Joseph J. Marino, notified her by letter that her services would terminate at the close of business on February 29, 1972. The notice of dismissal was written on the letterhead of the "Office of the Deputy Secretary" and was signed "Joseph J. Marino."

On March 13, 1972, Plaintiff filed a Complaint in Equity in this Court. Preliminary Objections to the Complaint were filed by the Defendants on March 29, 1973.[1] After hearing, held March 1, 1972 before Judge CRUMLISH, JR., and the filing of post trial briefs, Plaintiff's Complaint in Equity was dismissed and a Decree Nisi entered. Exceptions to the Adjudication and Decree Nisi were timely filed and are now before this Court for disposition.

---

[1] The Preliminary Objections of the Defendants were argued before the Court en Banc. Counts Eleven and Twelve of Plaintiff's Complaint dealing with alleged violations of the Public Employes Relations Act, Act of July 23, 1970, P. L. 563, Art. VII, §706, *as amended,* 43 P.S. §1101.706 were dismissed by an Opinion and Order of this Court filed September 7, 1972, and reported in 6 Pa. Commonwealth Ct. 342, 299 A. 2d 683 (1972).

Plaintiff argues that the trial judge erred in determining that the Secretary of the Department of Labor & Industry may delegate the authority to dismiss clerical and stenographic assistants of the Workmen's Compensation Board to his Deputy Secretary. With this contention we cannot agree.

Section 213 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, as amended, 71 P.S. §73, states: "Deputies.—The head of any administrative department, except the Auditor General and the State Treasurer shall have the power, with the approval of the Governor, to appoint and fix the compensation of a deputy, or such number of deputies as the Executive Board shall approve, who shall, in the absence of the head of such department, have the right to exercise all the powers and perform all the duties by law vested in and imposed upon the head of such department, except the power to appoint deputies, bureau of division chiefs, or other assistants or employes, *and who may, at any time, exercise such of the powers and perform such of the duties of the head of his department as may be prescribed by the head of his department;* Provided, however, That any such deputy shall not have the right to exercise any power or perform any duty which the Constitution of the Commonwealth of Pennsylvania requires the head of his department personally to exercise." (Emphasis added).

From the foregoing, it is evident that the Secretary of Labor and Industry can delegate to a Deputy Secretary the authority to dismiss a clerical employe.

Plaintiff next argues that the evidence does not support the finding of the trial judge that the Secretary did in fact delegate to Deputy Secretary Marino the authority to dismiss employes. Again we cannot agree.

Plaintiff's Exhibit No. 2, a memorandum from Secretary Smith to Deputy Marino, reads in pertinent part:

"Effective immediately, as the Administrative Deputy for this Department, you have authority to sign all personnel and fiscal documents which normally require my signature."

In addition, testimony elicited from Deputy Marino shows that, as Deputy Secretary in charge of Administration, he handled personnel matters for the Department and was in charge of the reorganization of the Bureau of Workmen's Compensation. Therefore we think it is clear that there is substantial evidence in the record on which to base the finding that the Secretary delegated to Deputy Marino the authority to dismiss employes, and it was under this authority, in the midst of reorganization of the Bureau of Workmen's Compensation, that Plaintiff was relieved of her position with the Bureau.

### FINAL DECREE

AND Now, this 9th day of August, 1974, the exceptions of the Plaintiff to the Decree Nisi filed December 5, 1973, are dismissed and the Decree Nisi dismissing Plaintiff's Action in Equity is made final.