John H. Hughes, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*John W. McIlvaine,* for appellant.

*Louis Kwall,* Special Assistant Attorney General, with him *Barnet Lieberman,* for appellee.

OPINION BY JUDGE ROGERS, February 7, 1975:

John H. Hughes, a civil service employee, has appealed from an adjudication and order of the State Civil Service Commission upholding his suspension and subsequent removal as Institutional Maintenance Superintendent I, regular status, attached to a Youth Development Center of the Department of Welfare located at Waynesburg, Pennsylvania.

Mr. Hughes, whose duties with the Center included the handling of automotive supplies, was suspended and then removed on a charge that he had appropriated a truck tire from the Center's inventory to his own use. Mr. Hughes filed a timely appeal to the Commission and was duly notified of a hearing scheduled for November 2, 1973. Neither the appellant nor his then counsel appeared at the hearing, which was conducted *ex parte,* and during which six witnesses testified in behalf of the Department of Welfare. The appellant's absence was later explained by the assertion of his present counsel that he, counsel, had by telephone requested of someone at the Commission's office in Harrisburg that the scheduled hearing be continued and had been told that his request would be granted. This informal application was

not brought to the attention of the Commission. In any event, at appellant's counsel's further request, a continued hearing was conducted on January 23, 1974, at which the appellant appeared with counsel and gave evidence. On this occasion, the Department adduced the testimony of three witnesses, two of whom had not testified at the first hearing. The notes of testimony of the first hearing were available for appellant's use at the second, and counsel for the Department of Welfare who was present at both hearings informs us that all of the witnesses who had testified at the first hearing were present at the second.

The collective testimony of the Department's witnesses was that the appellant had access to the automotive supplies at the Center, that he traded a tire bearing the serial number and matching the description of a tire later found missing from the Center's inventory to a local merchant in exchange for a number of recapped tires, and that the appellant visited the merchant a few days later and told the merchant to hide the tire and to say nothing to others about the transaction. The tire was recovered by State police officers from the merchant. The appellant generally denied the testimony of the Department's witnesses, including that of the merchant, an acquaintance of many years. The Commission accepted the Department's evidence and concluded that suspension of the appellant's employment was for good cause and his removal was for just cause, pursuant to Sections 803 and 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.803, 741.807.

We are required to affirm the Commission's adjudication unless it was not in accordance with law, if a necessary finding was unsupported by the evidence or if constitutional rights were violated. *Kaplan v. Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974).

The appellant raises two questions of law, first, that his acquittal by a petit jury of Greene County of the crimes of larceny and receiving stolen goods arising out of the same occurrence compelled a conclusion by the Commission that the appellant's suspension and removal were without cause, and second, that the Director of the Youth Development Center, not being the appointing authority, had no power to suspend or remove him.

Obviously, the public employer was not required to justify its suspension or removal of the appellant by proof beyond a reasonable doubt that the appellant had committed crimes, as it was the responsibility of the District Attorney of Greene County to do. *See Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959); *Kramer v. City of Bethlehem,* 5 Pa. Commonwealth Ct. 139, 144, 289 A.2d 767, 769 (1972). Further, the record of the trial in Greene County and of what was or was not there shown were not before the Commission. The evidence presented to the Commission and which it found to be credible fully supports its conclusion that Mr. Hughes was suspended for good cause and removed for just cause.

As for the contention that the Director of the Youth Development Center was without authority to remove the appellant, the record sufficiently demonstrates that the Director acted only after her proposed actions had been submitted to and approved by competent superiors of the Department of Welfare.

While the point was not raised in appellant's Statement of Questions Involved, it was contended at argument that the Commission's action in conducting an *ex parte* hearing despite appellant's counsel's telephone request for a continuance, not communicated to the Commission, was unfair. Especially in the light of the Commission's grant of a continued hearing with access to the notes of testimony and the witnesses who had previously testified, this contention lacks merit.

## ORDER

AND NOW, this 7th day of February, 1975, the appellant's appeal is dismissed and the order of the Commission sustaining the suspension and removal of the appellant from his position as Institutional Maintenance Superintendent I is affirmed.