Andrew H. Vaughan, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*William D. Hutchinson,* for petitioner.

*Phillip A. Ayers,* Assistant Attorney General, with him *Patricia A. Donovan,* Deputy Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, June 5, 1980:

By letter dated May 25, 1978 and signed by Allan Brown, Personnel Director for the Department of Education (Department), Andrew H. Vaughan (petitioner) was dismissed from his position as a Personnel Anaylst III with the Department for alleged incompetence in the performance of his duties. The State Civil Service Commission (Commission) found just cause for the dismissal, pursuant to Section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807, and sustained the removal. Petitioner's appeal followed.

Petitioner contends that his dismissal was invalid because the Department presented no evidence that Brown was petitioner's appointing authority, defined in Section 3(e) of the Act, 71 P.S. §741.3(e), as "the officers, board, commission, person or group of persons having power by law to make appointments in the classified service." We agree.

In *Moore v. Commonwealth of Pennsylvania,* 1 Pa. Commonwealth Ct. 73, 76, 272 A.2d 283, 284 (1970), we stated that "unless the removal action and the proceedings before the Civil Service Commission were carried out by appellant's 'appointing authority', the adjudication appealed from cannot be sustained." Here, the record is barren of any evidence that Brown

was petitioner's appointing authority. The Department simply relies on the fact that Brown, because he is the Personnel Director for the Department, has the authority to hire and fire. This "proof," which apparently calls upon us to exercise judicial notice of the functions of personnel directors, falls short of showing that the Department's Personnel Director is the person "having power *by law* to make appointments in the classified service." Section 3(e) of the Act (emphasis added). It also falls short of the proof adduced in comparable removal cases. *See Hughes v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 344, 331 A.2d 590 (1975) (record indicates that dismissal was approved by competent superiors in the Department of Public Welfare); *Brennan v. Smith*, 14 Pa. Commonwealth Ct. 578, 324 A.2d 849 (1974) (evidence supports finding that Secretary of Labor and Industry had delegated his authority in personnel matters to the dismissing Deputy Secretary); *Foster v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 251, 321 A.2d 409 (1974) (specific statutory section expressly delegates the Secretary of Public Welfare's appointment power to superintendents of state mental institutions).

Our own review of the applicable statutes indicates that the Secretary of Education, as the department head, is generally entrusted with the power to employ the necessary employees for his department. *See* Section 214 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §74. Although Section 213 of the Code, 71 P.S. §73, authorizes deputy secretaries to exercise certain executive powers, it specifically exempts the power to appoint without prescribed authority from the Secretary. *Cf. Brennan, supra* (prescribed authority present). Here there was no showing of such prescribed authority.

Accordingly, in the absence of any evidence that Brown was petitioner's appointing authority, we must enter the following

ORDER

AND Now, this 5th day of June, 1980, the order of the State Civil Service Commission, dated February 21, 1979, is reversed, and Andrew H. Vaughn is ordered reinstated to his position as Personnel Analyst III, regular status, and the record is remanded to the Civil Service Commission for consideration and decision as to the amount, if any, to be paid on account of salary or wages lost by Andrew H. Vaughan. This order shall be without prejudice to the appointing authority to take such personnel action concerning Andrew H. Vaughan, based upon his state employment, including matters which were the subject of this proceeding, as he shall decide.