Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Clark H. Krewson, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* George W. Schildt, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Joseph P. Weir, Respondent.

Argued May 9, 1983, before Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Richard C. Lenger,* with him *Richard L. Cole, Jr.,* Chief Counsel, and *Jonathan B. Sprague,* Assistant Chief Counsel, for petitioner.

*Elliot A. Strokoff, Handler and Gerber, P. C.,* for respondent.

OPINION BY JUDGE BLATT, June 28, 1983:

In these consolidated appeals, the Department of Labor and Industry (Department) challenges an order of the State Civil Service Commission (Commission) which found the respondents'[1] furloughs[2] to be invalid and which ordered reinstatement.

The respondents argued, *inter alia,* that their furloughs were invalid because the notice of furlough which each respondent received was undertaken by someone (a personnel director) who was not the Secretary of the Department without any reference to any authority to act on the Secretary's behalf.[3] *See Vaughan v. Department of Education,* 52 Pa. Commonwealth Ct. 38, 415 A.2d 150 (1980). The personnel director testified before the Commission that he had verbal permission from the Secretary to furlough the respondents, but the Commission chose not to believe him, deemed the action invalid and ordered the respondents reinstated to their former positions.

The Department argues here that the Commission erred in disbelieving the testimony of the personnel director and in finding that the furloughs involved were defective for failure to follow proper procedures. We have recognized, however, that "issues of credibility and resolving evidentiary conflicts are functions of the Commission and not this Court ... [and that we] will not weigh, but only examine the evidence before

---

[1] Clark H. Krewson; George W. Schildt; and Joseph P. Weir.

[2] The stated basis for the respondents' furloughs was a lack of work resulting from the reorganization of the Bureau of Vocational Rehabilitation to the Office of Vocational Rehabilitation.

[3] The Department does not quarrel with the proposition that only its Secretary, or his delegates, have the power to furlough employees in the classified service.

[us] and will not substitute [our] judgment for that of the Commission." *Silvia v. Pennhurst Center*, 63 Pa. Commonwealth Ct. 75, 78-9, 437 A.2d 535, 536 (1981) (citations omitted). Moreover, our review of the record indicates that the personnel director's testimony was inconsistent at times and often vague, and we cannot find that the Commission erred in rejecting it, noting that they considered it to be "self-serving representations" which were designed to justify his actions by alleging the existence of properly delegated authority. Nor do we find error in the Commission's holding that, therefore, the Department failed to follow proper furlough procedures in these matters, that the furloughs were consequently invalid, and that respondents should be reinstated.

We will, therefore, affirm the Commission's order.

ORDER IN 2179 C.D. 1982

AND Now, this 28th day of June, 1983, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

ORDER IN 2180 C.D. 1982

AND Now, this 28th day of June, 1983, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

ORDER IN 2181 C.D. 1982

AND Now, this 28th day of June, 1983, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.