## Wagner, Appellant, v. Wagner.

Argued April 25, 1945. Before BALDRIGE, P. J., RHODES, HIRT, DITHRICH, ROSS AND ARNOLD, JJ. (RENO, J., absent.)

*William T. Connor*, with him *Maurice Yoffee, John R. K. Scott, Hardie Scott*, and *Caldwell, Fox & Stoner*, for appellant.

*David M. Wallace*, with him *Frank P. Lenahan, James H. Booser* and *McNees, Wallace & Nurick*, for appellee.

OPINION BY BALDRIGE, P. J., September 26, 1945:

The statement of claim in this action of assumpsit sets forth that on June 10, 1942, the plaintiff and the defendant, her husband, entered into written articles of separation whereby he was to give her, inter alia, $100 per month toward her support and maintenance until the first Monday of May 1945; that on October 1, 1942, he orally agreed to increase that sum to $110. These monthly payments were made until the middle of January 1943, when they were discontinued. The wife sued, claiming there is due her $330.

The defendant admitted in his affidavit of defense the written contract, and averred that plaintiff violated an oral, contemporaneous agreement providing "that neither of the parties to said agreement would in any

way molest, annoy, hinder, interfere or communicate with the other and especially that the plaintiff would not in any way attempt to communicate with the defendant in his official position [as State Treasurer] or with his office, his superiors or subordinates."

At the trial HARGEST, P. J., left for the jury to determine issues of fact raised by the pleadings. Instructions were given that if the jury found the existence of the oral agreement and even if the alleged charges were made, the plaintiff would be entitled to recover if she had a reasonable basis of belief that Wagner was stealing from the state government, as it was her duty as a good citizen to make an effort to protect the Commonwealth. On the other hand, if the plaintiff's charges were due to malice and vindictiveness, the verdict should be for defendant. The jury found in favor of the defendant. This appeal followed the overruling of plaintiff's motion for a new trial and the entering of judgment on the verdict. The judgment will be affirmed.

The appellant's first complaint is that the trial judge erred in refusing to admit in evidence the fifth paragraph of her statement of claim alleging an oral modification on October 1, 1942, of the earlier written contract, increasing the monthly payments from $100 to $110 "and that all the other terms of said [written] agreement were to remain in full force and effect." The affidavit of defense admitted the oral agreement to increase the monthly payments, but denied " 'that all the other terms of said agreement were to remain in full force and effect' if by such averment plaintiff intends that only the other terms of the agreement set out in Exhibit A were to remain in full force and effect." The defendant averred that notwithstanding her promises not to annoy, molest, or hinder him, the plaintiff persisted in publicly charging him with dishonesty in handling the state finances and property; that as a result of her charges the Department of Justice made an investigation of his official conduct. The court's ruling was correct as the affidavit of

defense only qualifiedly admitted the plaintiff's averments: *Buehler v. United States Fashion Plate Co.*, 269 Pa. 428, 434, 112 A. 632. See, also, *Melnick v. Melnick et al.*, 154 Pa. Superior Ct. 481, 491, 36 A. 2d 235. The appellant cites *Burke Adr., v. Prudential Insurance Co.*, 150 Pa. Superior Ct. 80, 83, 27 A. 2d 523, and *Crew Levick Co. v. Philadelphia Investment Building and Loan Association*, 117 Pa. Superior Ct. 397, 403, 177 A. 498, but those cases, with their dissimilar facts, may be readily harmonized with the above rulings. As the plaintiff conceded, there was a subsequent oral modification of the written contract. The extent and nature of the changes was an important fact to be determined. Testimony relating thereto was clearly admissible: *Knight v. Gulf Refining Co.*, 311 Pa. 357, 166 A. 880; *KoEune et al. v. State Bank of Schuylkill Haven et al.*, 134 Pa. Superior Ct. 108, 111, 4 A. 2d 234; *Ruck v. Vassalotti*, 152 Pa. Superior Ct. 188, 193, 31 A. 2d 596.

The appellant also assigns as error the cross examination of Louis Shaffer, Esq., who represented her as counsel at the meeting in October 1942 when the agreement was orally modified. The trial judge permitted this witness to be asked on cross examination if it was not a fact that Mrs. Wagner had agreed orally at that time not to interfere with, or molest, her husband in consideration of the $10 monthly increase. His reply was that it was not stated definitely as part of the consideration, but Wagner was "very insistent" that his wife stay away from him. Appellant takes the position that this examination was an attempt to have counsel interpret the contract. Obviously, there is no basis for that contention. We have no dispute with the rule invoked by appellant that the interpretation of a plain, unambiguous contract is for the court (*Crew Levick Co. v. Philadelphia Investment Building and Loan Association*, supra, p. 404), but it has no relevancy to the questions before us. The main issue for determination is the substance of the contract as modified. It was as to that matter the witness was being interrogated. There is no merit to this assignment.

Appellant complains that Wagner was permitted to testify concerning a conversation he had with Attorney General Duff relating to the charges she made against him. The witness was asked: "Whether or not you received any complaints from anyone, Mr. Wagner?" After an objection was made the defendant's attorney explained that they referred to Wagner's conduct. The testimony was admitted. Wagner then related the substance of the conversations he had with Attorney General Duff, which included a statement that he had a written complaint from Mrs. Wagner charging him with stealing property belonging to the Commonwealth, and that as a result of these charges an investigation had been made. Wagner testified further that Attorney General Duff finally said: ". . . I am going to tell you, Mr. Treasurer, you are absolutely absolved, it is nothing but the rantings and charges of a woman with venom in her heart."

Appellant claims that all this testimony concerning the statements of Attorney General Duff was hearsay and improperly admitted in evidence. The quoted part was objectionable and should have been stricken out on motion, as it was not responsive to the question asked, viz, whether complaints were received concerning Wagner's conduct, but appellant's attorney made no specific objection to the remark at the time it was made. In the absence of such a motion, counsel must be taken to have considered it harmless and the error, if any, affords no ground for a new trial. Cf. *Marshall v. Carr*, 275 Pa. 86, 89, 118 A. 621. The other statements of the Attorney General to the witness were not offered as substantive evidence, but to show that charges were made and the defendant had knowledge thereof. The admission of this testimony did not violate the hearsay rule. "The Hearsay rule excludes extrajudicial utterances only when offered for a special purpose, namely, as *assertions to evidence the truth of the matter asserted:*" Wigmore on Evidence (3rd Ed. 1940) Vol. VI, §1766, p. 178. See, also, *Ryman's Case,* 139 Pa. Superior Ct. 212, 221, 11 A. 2d 677. Attor-

98

ney General Duff was later called by the defendant and testified to the same conversations between himself and Mr. Wagner, so that the admission of the alleged hearsay testimony was not prejudicial to appellant. Futhermore, defendant in his affidavit of defense averred under the heading of new matter, that Mrs. Wagner had made charges against him before the Attorney General, which after an investigation were dismissed. These averments, not denied, were offered and admitted in evidence.

Other assignments of error relate principally to the refusal of the trial judge to admit evidence that Wagner used some of his subordinates in the office of State Treasurer, to do personal work for him. These alleged acts were not the subject of any charges made by Mrs. Wagner to the Attorney General and such evidence was, therefore, under the issues developed at the trial, wholly irrelevant and properly excluded. We find nothing in the record which would be the basis for granting a new trial.

The judgment of the court below is affirmed.