Edward L. Brown, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued December 8, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Edgar R. Casper,* with him *Frank, Gross & Casper,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 29, 1978:

This is an appeal by Edward L. Brown (Brown) from a decision of the Civil Service Commission affirming the action of the Department of Transportation (PennDOT), which suspended and later removed

Brown from his position as a probationary Police Officer II in PennDOT's Bureau of Aviation. We affirm.

Brown was employed by PennDOT as Security Officer at Harrisburg International Airport when, on March 22, 1976, he was arrested by the State Police and charged with burglary and conspiracy in connection with the theft of 29 air conditioners from an airport building on December 25, 1973. At a preliminary hearing on March 30, 1976 before a district justice, two co-defendants, Reuben Thomas and John J. Brennan, testified to Brown's participation in the burglary. The next day the Director of PennDOT's Bureau of Personnel notified Brown by letter that he was being "suspended pending investigation for possible dismissal" as a result of his "recent arrest on a charge of burglary." On April 16, 1976, the Director notified Brown of his termination effective that day. Brown appealed both the suspension and the termination to the State Civil Service Commission which, after a hearing, issued its adjudication wherein it concluded that there existed just cause for Brown's suspension and removal, and dismissed the appeal. Brown brought the case here.

Our review of adjudications of the Civil Service Commission is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are unsupported by substantial evidence. We leave to the Commission questions of evidentiary weight and credibility. *Philadelphia County Board of Assistance v. Cahan*, 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).

The Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq., provides for suspension of employees in Section 803, 71 P.S. §741.803, which states:

An appointing authority may for good cause
suspend without pay for disciplinary purposes
an employe holding a position in the classified
service. . . . What shall constitute good cause
for suspension may be stated in the rules.

The Commission rules, found at 4 Pa. Code §101.21,
contain the following definition:

(a) Good cause for suspension shall be a just
cause, such as:

. . . .

(3) misconduct amounting to violation of
law, rules or lawful and reasonable departmen-
tal orders;

. . . .

(5) scandalous or disgraceful conduct while
on or off duty which may bring the service of
the Commonwealth into disrepute; or

(6) similar substantial reasons.

Finally, Section 807 of the Act, 71 P.S. §741.807, pro-
vides that "[n]o regular employe[1] in the classified
service shall be removed except for just cause."

Appellant first contends that his suspension was
not for disciplinary purposes as required by Section
803. We disagree. When, as here, an appointing au-
thority suspends an employee following his arrest on

---

[1] It is not clear from the record whether Brown was a purely
probationary employee or was on probationary status following a
promotion from a lower position where he held regular employee
status. What is clear is that the Commission treated the question
of his complete severance from the classified service as a case of
removal of a regular employee. In so doing, the Commission placed
the burden of showing just cause upon the Commonwealth, whereas,
had the Commission viewed Brown as a purely probationary em-
ployee, the burden would have been his to show that he had been
discriminated against for non-merit reasons, under Section 951(b)
of the Act, 71 P.S. §741.951(b). Hence, Brown cannot complain that
he was prejudiced by the Commission's treatment of him as a regu-
lar employee for purposes of his removal from the classified service.

criminal charges which bear directly on his employment duties, in order that it might determine what further action is appropriate, it is clear that the suspension is for disciplinary purposes.

Brown also maintains that the following findings of fact in the Commission's adjudication are not supported by substantial evidence:

2. Appellant was removed after being charged with burglary and conspiracy, for he had been arrested, involving a breach of security, effective at the close of business April 16, 1976, by letter dated April 16, 1976.

. . . .

4. Appellant by answer to Preliminary Inquiry Relating to Appeal and Request for Hearing stated his appeal was under Section 951(a) of the Civil Service Act, as amended, because the suspension letter fails to state a cause for disciplinary action and that there was a presumption of innocence for him.

. . . .

6. Appellant was a Civil Service employe in the classification of Police Officer II, probationary status.

. . . .

9. News items appeared in the Patriot, a newspaper of general circulation in Harrisburg, Pennsylvania, with a bold headline 'Airport Guard Charged With Theft.'

10. There was quite a bit of discussion concerning the charges against the appellant and his arrest within the small community of the Airport.

. . . .

13. At the hearing before the District Justice there was testimony that appellant ap-

proached a co-defendant and told him he could make some easy money.

14. On Christmas Day, 1973, appellant met this co-defendant at Building 32 at the Harrisburg International Airport and showed him how to get in, after which 29 air conditioners were taken and stored later in another area of Dauphin County.

15. Appellant, in uniform, met a man in an alley behind the Twin Kiss Restaurant, Highspire, Pennsylvania, on Christmas Day, 1973, and demanded fifty bucks a piece from the sale of the air conditioners.

We have reviewed the record and find in it evidence which more than adequately supports the second, fourth, sixth, ninth and tenth findings. The question is somewhat more complicated with respect to the thirteenth, fourteenth and fifteenth findings, which are crucial in that they recount the actual conduct of Brown which forms the basis for the conclusion that just cause existed. The only evidence supporting findings 13 and 14 was the testimony of State Police Trooper Glen Martin, Brown's arresting officer, who was present at the preliminary hearing, and who, without objection by Brown's counsel, recounted to the Commission the testimony of co-defendant Thomas as follows:

In Mr. Thomas' statement, he advised me that Mr. Brown had approached him and told him he could make some easy money.

And on the Christmas of 1973, Mr. Thomas met Mr. Brown at the Harrisburg International Airport where Mr. Brown escorted him to Building 32 and showed him how to get in.

At that particular time, there were 29 air conditioners taken and stored later on that day in another area of Dauphin County.

Finding No. 15 is based solely on the testimony of co-defendant Brennan who appeared personally before the Commission and stated that on Christmas Day, 1973, Reuben Thomas contacted him and told him that he had stolen a load of air conditioners from the Harrisburg Airport; that he accompanied Thomas to an alley behind a restaurant in Highspire, where he met Brown, who was wearing his police uniform; that Brown asked Brennan how much he could get for the air conditioners and how quickly he could dispose of them; and that Brown said he wanted $50.00 a piece and Brennan agreed to bring them back to Brown if he could not sell them at that price. Appellant does not allege that the introduction of this testimony was violative of any rule of evidence, but rather he contends that both statements were insufficient foundation for the findings drawn from them because they were not corroborated by evidence produced by PennDOT's independent investigation. Brown cites no authority for the contention, and nowhere in the Act or the case law do we find a requirement that an appointing authority conduct an independent investigation of conduct alleged to constitute just cause for termination. Indeed, at least one opinion of this Court points to the opposite conclusion. *Williams v. Civil Service Commission*, 9 Pa. Commonwealth Ct. 437, 306 A.2d 419 (1973).

We hold that PennDOT was not required to conduct its own investigation and that, therefore, the testimony of Martin and Brennan may be given its normal evidentiary weight. Clearly, the testimony constitutes substantial evidence of the facts contained in the findings.

Finally, Brown argues that the findings do not constitute legally sufficient basis for a conclusion that just cause existed for either the suspension or the termination as required by Sections 803 and 807 of the

Act. Again, we find the contention meritless. In *Department of Justice, Bureau of Corrections v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976), we affirmed the dismissal of a guard at a state correctional facility who had twice been arrested on firearms charges, although he was never convicted. In the course of our opinion, we stated:

> The appellant in the case at bar was employed to guard prisoners in a state correctional facility; this is a highly sensitive position which requires those who would hold it to avoid even the appearance of impropriety. See Cotter v. State Civil Service Commission, 13 Pa. Commonwealth Ct. 49, 318 A.2d 390 (1974). For appellant to be dismissed, it was not necessary for him to be convicted of the crimes with which he was charged. As we stated in Hughes v. State Civil Service Commission, 17 Pa. Commonwealth Ct. 344, 347, 331 A.2d 590, 592 (1975):
>
> > 'Obviously, the public employer was not required to justify its suspension or removal of the appellant by proof beyond a reasonable doubt that the appellant had committed crimes. . . . See Zeber Appeal, 398 Pa. 35, 43, 156 A.2d 821, 825 (1959); Kramer v. City of Bethlehem, 5 Pa. Commonwealth Ct. 139, 144, 289 A.2d 767, 769 (1972).'
>
> We find that the Commission did not err in concluding that appellant was suspended for just cause.

22 Pa. Commonwealth Ct. at 586, 350 A.2d at 880. That language controls the instant case. PennDOT was not required to prove Brown's complicity in the theft beyond a reasonable doubt nor was it required to await his conviction before permanently removing

him. The Commission's conclusion that just cause existed for both the suspension and the termination flows naturally from the findings, which are in turn supported by substantial evidence. This is all that the Act requires.

Accordingly, we

ORDER

AND Now, this 29th day of March, 1978, the decision of the Civil Service Commission dismissing the appeal of Edward L. Brown is affirmed.