Jodi R. Salvati, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Berks County Board of Assistance, Respondent.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Elliot A. Strokoff, Handler and Gerber, P.C.,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, August 9, 1983:

Jodi Salvati (petitioner) appeals here from an order of the State Civil Service Commission (Commission) upholding her suspension from the position of Income Maintenance Worker II with the Berks County Board of Assistance, Department of Public Welfare (DPW).

The petitioner had been employed by the DPW since 1974. On April 1, 1981, she was arrested and arraigned on criminal charges relating to her possession and sale of controlled substances described in her brief as "a small quantity of marijuana for $100.00 and a small quantity of methamphetamine for $30.00." As a result, she was suspended from her employment on April 2, 1981, for a period not to exceed thirty work days.[1]

Section 803 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, 71 P.S. §741.803, provides that an appointing authority may suspend an employee holding a position in the classified service, for disciplinary purposes, when there is "good cause." While the term "good cause" is not defined in the statute, Section 803 of the Act, 71 P.S. §741.803, further provides that "[w]hat shall constitute good cause for suspension may be stated in the rules," and 4 Pa. Code §101.21(a) provides that:

(a) Good cause for suspension shall be a just cause, such as:

(1) insubordination;

(2) habitual lateness in reporting for work;

(3) misconduct amounting to violation of law, rules or lawful and reasonable departmental orders;

(4) intoxication while on duty;

(5) scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into disrepute; or

(6) similar substantial reasons.

---

[1] At the end of her thirty-day suspension, the petitioner was dismissed; however, inasmuch as she did not appeal her dismissal, the only personnel action before us is the suspension.

Our scope of review here is limited to a determination of whether or not the necessary findings of fact are supported by substantial evidence, and whether or not the adjudication of the Commission is in violation of constitutional rights or is not in accordance with the law. *Cotter v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 49, 318 A.2d 390 (1974).

The Commission found here that the petitioner's arrest and arraignment on criminal charges constituted "good cause" of the type specified in 4 Pa. Code §101.21(a)(5), "scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into disrepute."

The petitioner argues, however, that a "mere arrest" without conviction or independent investigation of the charges by the appointing authority is not good cause and that judicial precedent has limited the definition of good cause to require that it be job related and touch upon competency and ability, a requirement which petitioner asserts has not been met in this case. *Kanjorski v. Department of Labor and Industry,* 44 Pa. Commonwealth Ct. 128, 403 A.2d 631 (1979). She also points to the Commission's holding that "the sole basis for the suspension [of the petitioner] was the fact that on April 2, 1981, [she] was arraigned on criminal charges," and argues that the decision of the Commission amounts to a presumption of criminal guilt applicable to civil service employees.

Thus, the issue in this case is whether the arrest and arraignment of a civil service employee on charges related to her unlawful possession and distribution of dangerous drugs is good cause for a thirty-day suspension by her state employer.

As to the petitioner's first point—that a "mere arrest" cannot constitute good cause—we held just

the contrary in *Pennsylvania Department of Justice v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976) and in *Brown v. Commonwealth, Department of Transportation,* 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978). We were quite clear on this point in *Grant*:

> For appellant to be dismissed, it was not necessary for him to be convicted of the crimes with which he was charged.

*Id.* at 586, 350 A.2d at 880. The Commission expressly relies on these cases and the petitioner offers neither reason nor argument why they should not be controlling.[2]

The petitioner also asserts that there is no record evidence showing that her arrest and arraignment affected a legitimate interest of the Department of Public Welfare as her employer. We disagree. Gary Rightmire, the executive director of the Berks County Board of Assistance where the petitioner worked, testified during the Civil Service Commission hearing conducted July 7, 1981:

> Q: Do you recall whether or not any publicity followed Mrs. Salvati's arrest?
>
> A: There were a number of newspaper articles and reports on the radio news in the local community of Reading which specifically listed Mrs. Salvati as having been arrested and charged with these various criminal offense.

---

[2] The issue presented is whether an arrest is to be excluded from the appointing authority's consideration of good cause for discipline because there has not yet been a conviction for the offenses charged. We hold that an arrest may be properly considered. We do not hold that an arrest *per se* is good cause. That issue is not before us. The Commission here found on the basis of the evidence presented that the petitioner's arrest was good cause for discipline because it tended to bring the Commonwealth into disrepute.

Q: Do you recall whether or not your office received any public comments following Mrs. Salvati's arrest?

A: Yes. We received a number of anonymous letters and also we received a number of phone calls both on April 2nd and again on April 3rd.

Q: How would you characterize the public comments you received?

A: Very negative.

MR. JOHNSTON: Objection. The best evidence of that would be the actual comments.

Q: Could you give us one example of a comment that you received?

A: I received a phone call from a woman who—and I spoke directly with her—who had been previously involved with Mrs. Salvati in the conduct of her actual duties as an Income Maintenance Worker II. The woman indicated that she was quite disturbed by the fact that anyone would be charged with these type of criminal offenses and she would also be allowed to carry responsibility for maintenance duties within the Department. She also made other accusations about Mrs. Salvati and her conduct, which I suggested she refer to the Police Department. The accusations she made were that Mrs. Salvati had sold drugs to a number of high school students.

This testimony was for the most part received without objection and was also, as the Commission correctly noted in its decision, undisputed.[3]

---

[3] We disagree with the description in the dissent of Mr. Rightmire's testimony as hearsay. The evidence of phone calls from patrons of the Board of Assistance expressing dismay that they were

254

Section 803 of the Civil Service Act, Act of August 5, 1941, P.L. 752, 71 P.S. §741.803 provides that suspensions must be for good cause and describes those causes which are not good cause as follows:

to be served by the petitioner following her arrest on drug charges was introduced not to prove the truth of the substance of the telephone conversations but to prove that the calls were made and were received by Mr. Rightmire and that he acted properly and reasonably on the basis of such calls in disciplining the petitioner for conduct tending to bring the Commonwealth into disrepute. As the Superior Court explained in *Bachman v. Artinger*, 285 Pa. Superior Ct. 57, 426 A.2d 702 (1981):

> "Testimony as to an out of court statement, written or oral, is not hearsay if offered to prove, not that the content of the statement was true, but that the statement was made." Commonwealth v. Samuels, 235 Pa. Superior Ct. 192, 204, 340 A.2d 880, 886 (1975). See also Commonwealth v. Sampson, 454 Pa. 215, 311 A.2d 624 (1973); Commonwealth v. DiSilvio, 232 Pa. Superior Ct. 386, 335 A.2d 785 (1975); Wagner v. Wagner, 158 Pa. Superior Ct. 93, 43 A.2d 912 (1945); 6 Wigmore, Evidence §1789 (Chadborn rev. 1976). Furthermore, when the question is "whether a person acted in good faith and with reasonable cause, the information on which he acted is competent evidence even though it consists of declarations made by third persons, and regardless of whether such declarations were in fact true or false." See generally Henry, Pennsylvania Evidence §441 (4th Ed. 1953). Commonwealth v. Wright, 455 Pa. 480, 317 A.2d 271 (1974).

*Id.* at 63, 426 A.2d at 705. Other authorities to the same effect include Professor McCormick ("When it is proved that D made a statement to X . . . to show the information which X had as bearing on the reasonableness or good faith of the subsequent conduct of X, the evidence is not subject to attack as hearsay." C. McCormick, Law of Evidence §228 (1st Ed. 1954) (footnotes omitted)) and the many cases collected and discussed in *Commonwealth v. Wright*, 455 Pa. 480, 485-487, 317 A.2d 271, 273-274 (1974).

We must also express our disagreement with the dissent insofar as it would hold that the appointing authority's concern was unjustifiably aroused by the petitioner's arrest because the petitioner's position with the county assistance office was not "sensi-

> No person shall be suspended because of his race, religion, or political, partisan or labor union affiliation.

As we have indicated, civil service regulations at 4 Pa. Code §101.21(a) provide that suspension may follow, *inter alia,* an employee's insubordination, lateness, violation of laws or rules, intoxication, conduct on or off duty which may bring the public service into disrepute, and "similar substantial reasons." The Commission here properly found, on the basis of the record that the petitioner's arrest tended to bring the public service into disrepute.

Moreover, our review of the Commission's action is to determine whether there is substantial competent evidence supporting the Commission's conclusion that the suspension was not for impermissible cause, that is race, religion, political, partisan or labor union affiliation; but that it was for good cause consisting of off duty activity bringing the public service into disrepute. We have previously rejected the notion that good cause in civil service cases is to be equated with the stricter standard of "just cause" typically incorporated in collective bargaining agree-

---

tive" as were the employment positions at issue in *Brown* and *Grant.* Income maintenance workers determine the initial and continuing eligibility of client applicants for the social programs administered by the county assistance office and to that end they must conduct frequent unsupervised interviews with clients, (see Public Assistance Employment Manual (PAEM) §§125.21 and 125.24) which interviews are often conducted in the client's home, *(Id.)* and they must in the course of those interviews elicit highly confidential information (see PAEM Chapter 105) the verity of which is of great importance to the Commonwealth and its taxpayers generally. In our view it is entirely reasonable on the part of the appointing authority to endeavor to employ only those income maintenance workers whose integrity and rectitude and the public appearance thereof are above approach.

ments or with the "willful misconduct" applied in unemployment compensation cases. *McCain v. Commonwealth, Department of Education,* 71 Pa. Commonwealth Ct. 165, 454 A.2d 667 (1983). There is no suggestion that the suspension ordered in this case arising out of the employee's arrest for drug offenses was a pretext for punishment of the appellant for any of the bad causes named in the Act. The circumstances constituted good cause for the thirty-day suspension.

Order affirmed.

### ORDER

AND Now, this 9th day of August, 1983, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

Hearsay testimony, consisting of allegedly received anonymous letters and phone calls, is the *only* evidence to support the majority's position that the petitioner's arrest was "job-related and touch[ed] upon [her] competency and ability." *Pennsylvania Department of Justice v. Grant,* 22 Pa. Commonwealth Ct. 582, 585-86, 350 A.2d 878, 880 (1976). And, of course, an adjudication cannot be founded wholly on hearsay. *Bleilevens v. Pennsylvania State Civil Service Commission,* 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973).

Furthermore, I believe that the instant case is factually distinguishable from the cases relied on by the majority. *Brown v. Department of Transportation,* 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978) involved job-related charges bearing directly

on an employee's status as a security guard, and *Grant* involved an employee holding a position as a prison guard in a state correctional institution, a position which we held was "highly sensitive" and which required those who held it to avoid even the appearance of impropriety. In contrast, the record in the instant case is devoid of competent evidence establishing that the petitioner's arrest had any connection to or bearing on her job, or that her position was at all "sensitive".

Due to the absence of competent evidence in the record, I do not believe that the Commission's findings are supported by substantial evidence, and I would therefore reverse the order of the Commission.