551 A.2d 664

Frank E. Aiello, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued November 1, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Debra K. Wallet, Blank and Wallet,* for petitioner.

*Patrick H. Bair,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, December 19, 1988:

Frank E. Aiello (Petitioner) appeals an order of the State Civil Service Commission (Commission) upholding the action by the Department of Environmental Resources (Appointing Authority) in terminating his employment as a Mine Restoration Project Inspector I, regular status.

On April 15, 1987, Petitioner pled guilty to felony charges of copyright infringement in violation of 17 U.S.C. §506(a) and 18 U.S.C. §2319(b)(2). Petitioner and another individual were doing business as Heights Terrace Video. The charges arose out of Petitioner's actions in illegally reproducing and distributing video cassette recordings in connection with this business. Petitioner was sentenced to eighteen months probation and restitution.

By letter dated May 15, 1987, the Deputy Secretary for Administration on behalf of the Appointing Authority, notified Petitioner that he was being discharged from his position as a regular Mine Restoration Project Inspector 1, as a result of his having pled guilty to the copyright infringement charges. Petitioner appealed his discharge to the Commission. By decision dated March 18, 1988, after a hearing, the Commission denied Petitioner's appeal and upheld his discharge. This appeal followed.

Petitioner contends that the felony charges to which he pled guilty were not job-related and thus there was no just cause for his discharge as required by Section 807 of the Civil Service Act[1] (Act). Petitioner maintains that he was discharged solely as a result of a provision in the Governor's Code of Conduct which mandates discharge upon conviction of a felony. He argues that this violates the just cause requirement of Section 807.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Brengle v. Lancaster County Board of Assistance,* 81 Pa. Commonwealth Ct. 584, 474 A.2d 352 (1984).

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

The Personnel Analyst in the Appointing Authority's Bureau of Personnel, Employee Relations and Safety Division was the only witness to testify before the Commission. He stated that after Petitioner admitted to pleading guilty to the felony charges, he was discharged in accordance with a provision of Executive Order 1980-18 of May 16, 1984,[2] known as the Governor's Code of Conduct. This provision states as follows:

§7.173. **Required action when an employe is formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony.**

As soon as practicable after an employe has been formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony, the employe shall be suspended without pay. If the charge results in conviction in a court of law, the employe shall be terminated.

The personnel analyst testified that Petitioner was discharged as a result of the Governor's Code of Conduct. As we have previously stated, this is not a statute but an executive order which has been codified in the Pennsylvania Code. *Sever v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 217, 514 A.2d 656 (1986). As such, it does not take precedence over statutory provisions to the contrary. As we stated in *Shapp v. Butera,* 22 Pa. Commonwealth Ct. 229, 235-236, 348 A.2d 910, 914 (1975):

In no event, however, may any executive order be contrary to any constitutional or statutory provision, nor may it reverse, countermand, interfere with, or be contrary to any final decision or order of any court. The Governor's power is to

---

[2] 4 Pa. Code §7.173.

execute the laws and not to create or interpret them.

Despite testimony by the personnel analyst, the removal letter of May 15, 1987,[3] stated that Petitioner was being discharged pursuant to Section 807 of the Act as well as the Governor's Code of Conduct. Section 807 of the Act provides that no regular status civil service employee shall be removed without just cause. Therefore, we must determine whether Petitioner was discharged for just cause regardless of the provision of the Governor's Code of Conduct requiring automatic removal upon conviction of a felony.

Just cause must be based upon merit criteria which are "job-related and in some rational and logical manner touch upon competency and ability." *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971). Off-duty activity has been held to be just cause for removal where it reflects negatively on the employee's ability to perform his job. *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). As the Appointing Authority has the burden of proving just cause for removal, *Murphy v. Department of Public Welfare*, 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984), it therefore had to prove that Petitioner's actions in pleading guilty to felony charges negatively reflected on his ability to perform the duties of a Mine Restoration Project Inspector I.

We have held that the acts of misconduct may justify removal pursuant to Section 807 of the Act where the employee occupied a "sensitive" position because the appearance of wrongdoing by such an employee reflects negatively on his ability to perform his duties. *Stone v.*

---

[3] Exhibit A to August 11, 1987 hearing before the Commission.

*State Correctional Institution at Graterford,* 55 Pa. Commonwealth Ct. 188, 422 A.2d 1227 (1980). Although *Stone* dealt with misconduct while on the job, this holding has been extended to removals for off-duty misconduct as well. *See Davis v. Youth Development Center,* 96 Pa. Commonwealth Ct. 337, 507 A.2d 915 (1986) (discharge of a houseparent was upheld where the Commission found that the petitioner had been arrested on drug-related charges and part of his duties was to serve as a role model to students); *Department of Justice, Bureau of Corrections v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976) (prison guard's discharge was upheld where he had been arrested on a robbery charge after being found in an automobile which was used in a robbery and which contained a stolen handgun); *Cotter v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 49, 318 A.2d 390 (1974) (discharge of management analyst II with the Bureau of Motor Vehicles was for just cause although found not guilty on a charge of receiving stolen property, where he admittedly falsified a sales tax report form in connection with a purchase of an automobile for his personal use).[4]

Petitioner argues in his brief that his position was not a sensitive one as there were four supervisory levels above him. He further maintains that he exercised no independent judgment and all of his work was reviewed in progress. Petitioner did not testify at the hearing before the Commission and the evidence supports the

---

[4] *See also Salvati v. Berks County Board of Assistance,* 76 Pa. Commonwealth Ct. 248, 463 A.2d 1224 (1983), *aff'd on reargument,* 81 Pa. Commonwealth Ct. 629, 474 A.2d 399 (1984), (Income Maintenance Worker II with a county board of assistance held to be a sensitive position and employee's *suspension* upon conviction for possession and sale of controlled substances held to be for *good cause* pursuant to Section 803 of the Act, 71 P.S. §741.803.

Commission's findings that his position requires the exercise of discretion and independent judgment.

Based upon testimony by the personnel analyst, the Commission found that Petitioner's job requires the exercise of individual discretion in that he works unsupervised. Although Petitioner's work is subject to review, the Commission noted that the Appointing Authority would act in reliance on information he initially provided. The personnel analyst testified that Petitioner makes recommendations back to the Appointing Authority as to possible actions it may take concerning work in progress. The Commission also found that Petitioner deals directly with the public.

According to the job description for a Mine Restoration Project Inspector I,[5] Petitioner is the on-site inspector for various projects. According to his job specification, Petitioner is responsible for "inspections of materials and workmanship on subsidence, refuse pile fire[s], underground mine fire[s], acid mine drainage and water pollution abatement projects statewide."[6] As part of his inspection duties, Petitioner checks that construction conforms "with approved construction codes, mining laws, erosion and sedimentation requirements, plans and specifications."[7] Clearly, Petitioner did occupy a position of trust.

In the context of an unemployment compensation case, we held that a construction inspector employed by the General State Authority occupied a position of trust and his conviction for retail theft directly reflected upon his ability to perform his duties. *Perdue v. Unemploy-*

---

[5] Exhibit AP-1 to August 11, 1987 hearing before the Commission.

[6] Exhibit AP-2 to August 11, 1987 hearing before the Commission.

[7] *Id.*

*ment Compensation Board of Review,* 28 Pa. Common-wealth Ct. 641, 369 A.2d 1334 (1977).

We agree with the Commission's conclusion that Petitioner's actions in pleading guilty to felony charges, could call into question his integrity and negatively affect his reputation with the general public. In light of the sensitive nature of his position, Petitioner's actions reflect negatively on his ability to perform his duties.

Accordingly, we hold that Petitioner's removal was for just cause and affirm the Commission's order.

ORDER

AND NOW, this 19th day of December, 1988, the order of the State Civil Service Commission dated March 18, 1988 at Appeal No. 7463, is affirmed.