585 A.2d 562

**Ronald J. SANKUS, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL INSTITUTION AT GRATERFORD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 1990.

Decided Jan. 3, 1991.

Petition for Allowance of Appeal Denied July 18, 1991.

Ronald F. Brien, Spring City, for petitioner.

Marcellus J. Matthews, Asst. Counsel, Camp Hill, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Ronald J. Sankus from an order of the State Civil Service Commission which upheld his suspension imposed by the State Department of Corrections, SCI–Graterford (Appointing Authority), for twenty-nine days from his position as a Corrections Officer I for violating two sections of the Appointing Authority's Code of Ethics.

Most of the facts pertinent to this case are set forth in the companion case of *Korin v. Department of Corrections*, 137 Pa.Commonwealth Ct. 94, 585 A.2d 559 (1991) and we will reiterate here only those additional facts that are necessary for a determination of this case. As in *Korin*, the basis for the personnel action taken against Sankus was his failure to report an assault committed on an inmate by a fellow officer and his failure to cooperate with the Appointing Authority's internal investigation of the matter. Also, as in *Korin*, Sankus' defense was that he did not see the assault—hence there was nothing to report— and, because he did not see the assault, he did not lie during internal investigations when he denied seeing an assault. Further, also as in the *Korin* case, the Commission admitted videotape evidence and relied upon it to find that Sankus had seen the incident and had failed to report it.

■ On appeal here Sankus' main contentions are that the Commission's findings are not supported by substantial evidence and that its legal conclusion, that there was good cause for the suspension, is in error. Specifically, Sankus attacks the admission of and reliance upon the videotape evidence. Our discussion in the companion case of *Korin* is controlling on this issue and we hold that the videotape evidence was properly admitted and relied upon. Therefore, we conclude that the Commission's findings, that Sankus failed to report the incident of inmate abuse and lied during the Appointing Authority's investigation of the matter, are supported by substantial evidence.

■ Sankus also asserts that the Appointing Authority did not prove that he had received a copy of the Code of Ethics. The testimony on this point reveals that the Appointing Authority's personnel officer stated that Sankus "should have received a copy of the Code of Ethics" (N.T. 17) and that if he had, a record of that fact would be maintained. The Appointing Authority then offered into evidence a receipt allegedly containing Sankus' signature which said, "I have received, read, and agreed to abide by the Commonwealth of Pennsylvania, Department of Correc-

tions Code of Ethics Handbook." The Commission refused to accept this document into evidence because it was dated October 2, 1988, a date over eight months after the incident occurred on January 22, 1988. It was not established, however, whether October 2, 1988, was the date on which Sankus received and read the Code of Ethics or the date he simply signed the receipt which stated that he had read the Code of Ethics. The Commission, however, apparently believing that this evidence would show only that as of October 2, 1988, Sankus had received the Code of Ethics, rejected it as irrelevant.

We believe that the Commission committed error in rejecting this evidence without first learning of the significance of the October 1988 date; however, we find the error to be harmless. While certain provisions of the Code of Ethics are cited in the Appointing Authority's suspension letter, the details of those provisions are also set forth. Essentially, they forbid an employee from lying during the course of an internal investigation and demand that an employee report any incidents of violence toward an inmate. It is well settled that corrections officers occupy a "sensitive position." *Department of Justice v. Grant*, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976). Even absent any specific proof that Sankus knew of or received the Code of Ethics, his work-related, untruthful answers during the course of an investigation of inmate abuse by the Appointing Authority so grossly deviated from the standards of behavior that the Appointing Authority had a right to expect of someone in such a sensitive position that those facts alone justify the suspension action.

Based upon the foregoing discussion, the Commission's order is affirmed.

## ORDER

NOW, January 3, 1991, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.