Commonwealth of Pennsylvania, Somerset Mental Retardation Unit, Department of Public Welfare, Petitioner v. Richard F. Sanders, Respondent.

Argued September 13, 1984, before Judges MacPHAIL, COLINS and BLATT, sitting as a panel of three.

*James S. Marshall,* Assistant Counsel, for petitioner.

*Kim R. Gibson,* for respondent.

OPINION BY JUDGE COLINS, October 24, 1984:

The Somerset Mental Retardation Unit, Department of Public Welfare (Petitioner) appeals the adjudication and order of the State Civil Service Commission (Commission), reinstating the employment of Richard F. Sanders (Respondent). Respondent was dismissed from his position as Therapeutic Recreational Services Leader, while on probationary status. The reason for removal was that he allegedly failed to meet the standards required of his position even after counselling and corrective measures had been taken.

A timely appeal was filed with the Commission, alleging discrimination pursuant to Section 905(a) of the Civil Service Act.[1] At the hearing, Respondent testified on his own behalf and Petitioner presented five witnesses in rebuttal. In such proceedings, the burden of proof is on the discharged employee (Respondent here) to show that the dismissal was discriminatory.[2]

The Commission sustained Respondent's appeal solely on the ground that his letter of removal had not been properly signed by the Secretary of Public

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.905 (a).

[2] *Quarles v. Department of Transportation,* 61 Pa. Commonwealth Ct. 572, 434 A.2d 864 (1981).

Welfare or an authorized delegate. This matter was raised sua sponte by the Commission, not having been alleged prior to or during the hearing.

This court must determine whether the Commission erred as a matter of law in sustaining the appeal based on a factual determination pertaining to a matter not raised by either party or the Commission prior to or during the hearing. Petitioner never received notice that the issue was being raised prior to the final adjudication. The Petitioner argues that by doing this the Commission shifted the burden of proof to Petitioner, without prior notice, thereby denying Petitioner an opportunity to fully litigate the issue. A review of the record shows that the matter of the signature on the letter of termination to Respondent was only raised while Respondent's attorney was cross-examining Petitioner's witness.

The Commission noted that "appellant did not directly raise the matter of signatory authority at the hearing. It is our view, however, that signatory authority is a jurisdictional question and can be examined by this Commission at any time."

It is true that only the appointing authority is authorized to remove an employee during his probationary period, as specified in §804 of the Act. *Vaughan v. Department of Education,* 52 Pa. Commonwealth Ct. 38, 415 A.2d 150 (1980). It is also correct that the Commission may raise the question of jurisdiction at any time as the Commission cites in *Harris-Walsh, Inc. v. Borough of Dickson City,* 420 Pa. 259, 216 A.2d 329 (1966). However, the alleged error is not jurisdictional. Certainly the Commission has jurisdiction over both parties and the subject matter sub judice.

The Commission cannot raise, sua sponte, an issue concerning a procedural defect. The party with the

burden of proof, the Respondent here, must specify the allegations in his appeal, giving Petitioner the opportunity to respond at a hearing, as required by §505 of the Administrative Agency Law.[3]  We have previously noted that:

> [b]efore an administrative agency in an adjudication can base its findings on information contained in the records of other cases decided by itself, it must appear on the record that notice was given to the parties of record that the adjudicating body is considering specified information. . . . Only in this way can a party's fundamental due process rights of notice and an opportunity to be heard be protected.

*City of Erie v. Pennsylvania Public Utility Commission,* 41 Pa. Commonwealth Ct. 194, 197, 398 A.2d 1084, 1086 (1979).

Petitioner here clearly did not have notice that the signature on the notice of termination would be an issue at the hearing.  Thus, it had no opportunity to rebut the allegation.  It has long been the law that each party must have the opportunity to know the claims of his opponent, to hear evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf, and to make argument.  Any agency proceeding which does not grant this opportunity to all litigants violates the due process guarantees of the aggrieved party. *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A.2d 422 (1955).  Also *Begis v. Industrial Board of Department of Labor and Industry,* 9 Pa. Commonwealth Ct. 558, 308 A.2d 643 (1973), clearly specifies that the "accused" must know against what charges he must defend himself.

---

[3] 2 Pa. C. S. §505.

The matter is remanded to the Commission for an adjudication based upon allegations which have been raised in either the original or a properly amended complaint.

ORDER

AND Now, October 24, 1984, the order of the State Civil Service Commission is reversed and the matter is remanded for proceedings consistent with this opinion.