520 A.2d 120

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Charles Malone, Appellee.

Submitted on briefs December 8, 1986, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Neal Goldstein, Freedman and Lorry, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, January 21, 1987:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety (Department) from an or-

der of the Court of Common Pleas of Montgomery County which sustained the appeal of Charles Malone (Licensee) from the Department's imposition of a five-year suspension of his operating privilege pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa. C. S. §1542, (habitual offender provision).

At the hearing before the trial court, the Department introduced into evidence without objection certified copies of numerous prior driving-related convictions of Licensee, including those which were specifically cited in the Department's letter as the basis for its action under Section 1542. The use of such evidence is permitted under Section 6104 of the Judicial Code, 42 Pa. C. S. §6104. The three five-year convictions which triggered the suspension were for a violation of Section 3731 of the Code, 75 Pa. C. S. §3731 (driving under the influence), with a conviction date of January 29, 1982; another violation of Section 3731 with a conviction date of February 3, 1982; and a violation of Section 1543 of the Code, 75 Pa. C. S. §1543 (driving while operating privilege is suspended or revoked), with a conviction date of November 9, 1983. Licensee did not dispute that he had been convicted of the above offenses; nor did he in any way challenge the accuracy of the Department's exhibits. Instead, he argued (1) that the revocation of his license would constitute a hardship and (2) that he was unaware of the first two convictions which apparently resulted when Licensee's parents paid the fines on his behalf.

The trial court sustained the appeal, but on neither of the two bases advanced by Licensee. Instead, it *sua sponte* raised the issue of whether the documents pertaining to the February 3, 1982 conviction referred to Licensee. Specifically, the trial court on its own noted that the report of the clerk of courts relating to the February conviction contained a different address

for Licensee than did the other records and that, on that document alone, Licensee's operator's number had been written in by hand rather than typed. The Court therefore reasoned that the Department had failed to establish that Licensee had been convicted of that offense.

On appeal here the Department argues that the trial court committed reversible error when it raised the issue of Licensee's identity *sua sponte* after the record was closed. We must agree. Licensee, who was represented by counsel, had every opportunity to challenge the accuracy of the Department's evidence if it was incorrect. No challenge was in fact made. The issue, therefore, was not properly raised before the trial court and was waived. *Department of Transportation, Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980).

Our state supreme court has explained in *Hrivnak v. Perrone,* 472 Pa. 348, 372 A.2d 730 (1977) that, while it is among the functions of the trial court to clarify the issues, that function does not cast it in the role of advocate. Accordingly, the *Hrivnak* Court held that it was error for a trial judge to introduce theories not raised by the parties. The dictates of *Hrivnak* are equally applicable here. Indeed, the issue was not only raised *sua sponte,* but was raised after the record was closed and without notice to the Department. The Department, therefore, had no reason to suspect that its exhibit had caused any confusion and had no opportunity to proffer any explanation which might have clarified uncertain matters. We have previously held that raising issues *sua sponte* after the record is closed and without notice to the parties constitutes a due process violation. *See Somerset Mental Retardation Unit v. Sanders,* 85 Pa. Commonwealth Ct. 549, 483 A.2d 1018 (1984).

While the raising of an issue *sua sponte* might in some cases necessitate a remand, *see, e.g., Sanders,* in

the instant case a remand is not necessary because the trial judge decided the case on the merits and not on a procedural issue raised *sua sponte* as in *Sanders.*

Having determined that the trial court erroneously raised an issue *sua sponte,* we need not consider the Department's additional argument that the record pertaining to the February 3, 1982 conviction is not subject to collateral attack in a subsequent license suspension proceeding. The order of the trial court is reversed.

ORDER

NOW, January 21, 1987, the order of the Court of Common Pleas of Montgomery County, No. 84-04485 dated November 1, 1984, is hereby reversed and the Department of Transportation's five-year suspension of the operating privileges of Charles E. Malone is reinstated.