527 A.2d 1091

In Re: Petition of the Board of Directors of the Hazleton Area School District To Change (Re-Apportion) An Approved Plan Which Established Nine Regions for Election of Directors Within the District. Valley Education Association, Appellant.

Argued June 9, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Clifford A. Rieders, Rieders, Travis, Mussina, Humphrey & Harris,* for appellant.

*James S. Palermo,* with him, *David L. Glassberg* and *James A. Kelly,* for appellee, Hazleton Area School District.

OPINION BY JUDGE DOYLE, June 25, 1987:

This is an appeal by Valley Education Association (Association)[1] from an order of the Court of Common Pleas of Luzerne County that adopted a redistricting plan submitted to it by the Hazleton Area School District (District) pursuant to Section 303 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §3-303.

In a prior proceeding, the District had submitted a plan that had been adopted by the trial court. The Association appealed that order to this Court and challenged the plan, contending that it permitted the existence of non-contiguous boundaries in violation of Section 502 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2702 (Election Code). Section 502 pertinently provides that "[w]hen a school district crosses county lines, the regions of the school district shall be composed of contiguous election districts." The Association further challenged the plan as violative of the one-man one-vote principle as espoused by the United States Supreme Court in *Reynolds v. Sims*, 377 U.S. 533 (1964). Section 303(b)(3) of the School Code, speaking to the population requirement, mandates that regional boundaries be established so that "the population of each region shall be as nearly equal as possible and shall be compatible with the boundaries of the election districts."

This Court held in *Appeal of Valley Education Association*, 105 Pa. Commonwealth Ct. 565, 524 A.2d 1083 (1987) *(Valley Education Association I)* that the District's original plan violated the requirement that boundaries be contiguous and remanded the case for adoption of a new plan. We did not reach the population

---

[1] Valley Education Association is a citizens group and it has no relationship to a teachers' education association or union.

equality issue. Our opinion and order in *Valley Education Association I* expressed our awareness of the impending primary election for school board directors and, accordingly, directed that the trial court use its equity powers (1) to supervise the District's adoption of another plan and (2) to extend the deadline for filing nominating petitions and for holding a special primary election should such action be necessary and in the best interests of justice.

Thereafter, the District devised another plan and submitted it for court approval.[2] Testimony was taken by the trial court, which testimony consisted only of the District's evidence. Because of the time constraints due to the forthcoming primary election, the trial court then indicated that it would enter an order adopting the District's new plan. It informed the Association, however, that it would have the opportunity *after entry of the order* to come into court and present evidence to convince the trial court to vacate its order. The trial court then entered the order adopting the District's new plan and, additionally, established a severely compressed time schedule (three days) for advertising and filing nominating petitions, withdrawal of same, selection for ballot positions, and the filing of objections to the nominating petitions. Subsequent to entry of this order, the Association took an immediate appeal to this Court seeking a stay of the lower court order. This stay was granted and had the effect of preventing the nomination of school directors from occurring on primary election day, May 19, 1987.

In its appeal to this Court, the Association now raises three issues for our consideration. First, it asserts

---

[2] This was the second plan submitted on remand. The District first submitted a plan to the Court that, after discovering that this plan also contained a non-contiguous regional boundary, the District withdrew.

that the lower court erred in approving the District's plan when the plan was adopted without compliance with the notice provisions of Section 9 of the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §279. We begin by recognizing that public awareness is not a matter to be lightly brushed aside. And if the allegations in this case pertained to anything more than technical non-compliance, our disposition of this issue might well be different. But there is not even an allegation that anyone was harmed by the failure to advertise, and it is obvious from the record that the Association knew of the District's last-minute attempts to devise a plan. We therefore hold that compliance with the notice provisions was properly excused by the trial court in this case. Our holding here is a narrow one, however. We decide only that where the trial court was acting in the exercise of its equity powers because of the upcoming primary election, and where there is no allegation that a concerned individual did not learn of the information that should have been advertised and was prejudiced thereby, and where there was an opportunity in the common pleas court to develop a record with respect to the substance of the plan adopted at the District's meeting, the failure to comply with the notice provision may be excused.[3]

---

[3] The District asserts that the action in question was not subject to the notice provisions of the Sunshine Act because it was an "emergency meeting." *See* Sections 3 and 9(a) of the Sunshine Act, 65 P.S. §§273, 279(a). We disagree. The adoption or failure to adopt a plan did not in any way pose a "clear and present danger to life or property," which is the applicable standard justifying an emergency meeting. Thus, the emergency provision is inapposite here.

The District also argues that a challenge to the Sunshine Act must be by a separate cause of action commenced in the common pleas court. *See* Section 13 of the Sunshine Act, 65 P.S. §283. While such method is generally the correct way to institute a challenge, we view the challenge in the current case to be appropriate in that it is ancillary to the main proceedings. Bifurcation of the issue would in our view only engender further delay.

The Association next asserts that the severely compressed time schedule imposed on the nominating petition process by the trial court was an abuse of discretion. The entry of our supersedeas order, however, has rendered this issue moot.

The final contention of the Association is that entry of the trial court's order before giving it the opportunity to counter the District's evidence or put on its own case was violative of due process. With this argument we must agree. Although the trial court and District seem to believe that permitting the Association to challenge the order after it was entered would cure this defect, we hold that it would not. By entering an order and then permitting an attack, the trial court has in essence shifted the burden to the Association to disprove the validity of the District's plan. But it is the District which carries the burden to demonstrate the plan's total compliance with the relevant statutes. It is, of course, a fundamental concept of due process that all parties to an action be given notice and an opportunity to be heard. *See, e.g., Somerset Mental Retardation Unit v. Sanders,* 85 Pa. Commonwealth Ct. 549, 483 A.2d 1018 (1984). The Association, although legitimately a party to this case, was deprived of that opportunity because the order was entered before it could litigate its position. It is for this reason that we must, reluctantly, vacate the trial court order adopting the plan and remand for additional proceedings.

We will take a moment, however, to clear up some apparent confusion. The District apparently viewed our prior Order as allowing only it to submit a plan. It is true that our Order spoke of a *District* plan. This was because the District plan was the only one before us at that time and because the District is *obligated* to submit a plan pursuant to both the federal court order discussed in *Valley Education I* and Section 303 of the

School Code. We did not intend to suggest, however, that the Association be foreclosed from submitting its own plan, provided it meets the statutory qualifications to do so as set forth in Section 303(b)(2) of the School Code, 24 P.S. §3-303(b)(2). Our impression from the oral arguments in this case is that the District most vehemently opposes the submission of any other plan to the trial court. It would seem to us, however, that a presentation of more than one plan to the trial court would not be detrimental to the public's interest. Therefore, we can perceive of no reason why the trial court should not be permitted to accept for its consideration more than one plan provided, of course, that the requirements of Section 303(b)(2) of the School Code are met.

Based upon the foregoing discussion, the order of the trial court is vacated[4] and this case is remanded for further proceedings consistent with this opinion.

## ORDER

NOW, June 25, 1987, the order of the Court of Common Pleas of Luzerne County dated May 8, 1987 and filed at 10:19 a.m. on May 11, 1987 is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.

_____

[4] We take a moment, additionally, to commend Judge CAPPEL-LINI on his patient handling of this matter. It is apparent from the record that he afforded both counsel every courtesy in making himself and his court available for the on-going proceedings here. Hopefully, now that the primary election has passed, the parties will be able to proceed in this matter diligently, but without the undue pressure of an impending primary election deadline.