**ORANGE STONES CO., Appellant**

v.

**BOROUGH OF HAMBURG ZONING HEARING BOARD and Borough of Hamburg.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2010.
Decided March 17, 2010.

Daniel F. Schranghamer, Williamsport, for appellant.

James E. Gavin, Wyomissing, for appellee, Borough of Hamburg.

BEFORE: SIMPSON, Judge, BROBSON, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge BROBSON.

Orange Stones Co. (Orange Stones), formerly Alcat Reentry Centers, Inc., appeals from an order of the Court of Common Pleas of Berks County (trial court), dated April 29, 2009, affirming the decision of the Borough of Hamburg Zoning Hearing Board (Board), which denied Orange Stones' application for a zoning permit. We reverse and remand.

Orange Stones is the owner of real property (Property) located at 215 Pine Street, in the Borough of Hamburg, Berks County. The Property is located in a Village

Center Zoning District as defined by the Borough of Hamburg Zoning Ordinance (Zoning Ordinance)[1] and is within the flood plain boundary of a 100–year floodplain. On June 17, 2008, Orange Stones submitted an application for a zoning permit to the Borough of Hamburg (Borough), describing the proposed use for the Property as "First floor: 68 bed inpatient non hospital rehabilitation center for drug and alcohol persons with 16 bed Halfway house." (Reproduced Record (R.R.) 001a.)

On July 10, 2008, the Borough's zoning officer issued a letter denying the application. The zoning officer determined, *inter alia*, that the proposed use is prohibited from being constructed within a floodplain by Section 508.8.7 of the Zoning Ordinance[2] because it constitutes a "hospital." The zoning officer based this determination on a finding that the proposed use would include a detoxification unit, which he reached by considering a prior, but withdrawn, Orange Stones zoning permit application.[3] The zoning officer reasoned a proposed use that includes a detoxification unit constitutes a "hospital" because

"detoxification facilities" and "hospitals" are both classified as Group I–2 structures under Section 308 of the International Building Code (IBC).[4]

Orange Stones appealed to the Board. The Board held hearings on August 26, 2008, and September 29, 2008. The Board, thereafter, affirmed the zoning officer's decision, finding that the proposed use is prohibited within a floodplain by Section 508.8.7 of the Zoning Ordinance. Specifically, the Board determined that the proposed use constitutes a "hospital" because it includes a detoxification unit. The Board also concluded that the proposed use constitutes a "jail or prison" because it includes a "16 bed Halfway house." Like hospitals, Section 508.8.7 of the Zoning Ordinance precludes jails or prisons within a floodplain.

■ Orange Stones appealed to the trial court, which, without taking additional evidence, affirmed the Board's decision. The trial court held that the proposed use is prohibited by Section 508.8.7 of the Zoning Ordinance because the "16 bed Halfway

1. Ordinance Number 725–04 of the Borough of Hamburg.

2. Section 508.8.7 of the Zoning Ordinance provides, in pertinent part:

Identification of Activities Requiring a Special Permit. In accordance with the Pennsylvania Floodplain Management Act (Act 1978–166) and regulations adopted by the Department of Community and Economic Development as required by the Act, the following obstructions and activities are prohibited if located partially or entirely within an identified floodplain district:
1. The commencement of any of the following activities or the construction, enlargement or expansion of any structure used, or intended to be used, for any of the following activities:
a. Hospitals
b. Nursing homes
c. Jails or prisons
Section 508.8.7 of the Zoning Ordinance.

3. The detoxification unit was referenced solely in the application filed by Orange Stones on June 2, 2008, which application was subsequently withdrawn. Orange Stones' June 17, 2008 application made no reference to a detoxification unit.

4. Section 308 of the IBC provides, in pertinent part:

**308.3 Group I–2.** This occupancy shall include buildings and structures used for medical, surgical, psychiatric, nursing or custodial care on a 24–hour basis for more than five *persons who are not capable of self-preservation.* This group shall include, but not be limited to, the following:
*Hospitals*
Nursing homes (both intermediate care facilities and skilled nursing facilities)
Mental hospitals
*Detoxification facilities*
INT'L BUS. CODE § 308.3 (2006) (emphasis added).

house" constitutes a "jail or prison." Having so found, the trial court did not address the question of whether the proposed use constitutes a "hospital." This appeal followed.[5]

■ Orange Stones argues, *inter alia,* that the Board erred as a matter of law in deciding, *sua sponte,* that the proposed halfway house constitutes a "jail or prison." According to Orange Stones, because the Board's function in reviewing appeals from a zoning officer's decision is limited by Section 803.1.1 of the Zoning Ordinance to determining whether the zoning officer "failed to follow prescribed procedures or . . . misinterpreted or misapplied any provisions of [the Zoning] Ordinance," the Board erred by denying Orange Stones' appeal based upon an issue never considered by the zoning officer and not otherwise raised by the Borough or an intervener. Orange Stones contends that because the Board essentially required Orange Stones to resubmit its entire zoning permit application to the Board, upholding the Board's action will render zoning officer decisions on applications for zoning permits meaningless.

The Borough counters that the Board had the authority to deny Orange Stones' appeal based on the "jail or prison" issue, notwithstanding the fact that it was never considered by the zoning officer or otherwise raised by a party, because the ultimate issue before both the zoning officer and the Board was whether Orange Stones' proposed use is permitted under the Zoning Ordinance. According to the Borough, because Orange Stones' proposed use contemplated a halfway house, Orange Stones carried the burden of establishing that a halfway house use was permitted under the Zoning Ordinance. In support of its argument, the Borough cites our decision in *Greaton Properties, Inc. v. Lower Merion Township,* 796 A.2d 1038, 1045 (Pa.Cmwlth.2002), for the proposition that "[t]he applicant for the proposed use has both the duty to present evidence and the burden of persuading the [B]oard that the proposed use satisfies the objective requirements of the ordinance." We disagree.

By placing its reliance on *Greaton*— where this Court addressed the issue of whether a zoning hearing board properly granted a special exception—the Borough completely ignores the differences between special exceptions, variances, and zoning permits. *Id.* at 1040. Section 909.1(a)(5) of the Municipalities Planning Code (MPC)[6] grants the Board original jurisdiction to hear applications for variances pursuant to Section 910.2 of the MPC.[7] Similarly, Section 909.1(a)(6) of the MPC, 53 P.S. § 10909.1(a)(6), grants the Board original jurisdiction to hear applications for special exceptions pursuant to Section 912.1 of the MPC.[8] By contrast, Section 909.1(a)(3) of the MPC, 53 P.S. § 10909.1(a)(3), grants the Board appellate jurisdiction over zoning officer decisions granting or denying zoning permits. Therefore, unlike applications for variances and special exceptions, which are

---

5. "Because the trial court did not take any additional evidence, our scope of review is limited to determining whether the [Board] committed an error of law or manifestly abused its discretion." *Diversified Health Associates, Inc. v. Zoning Hearing Bd. of the Borough of Norristown,* 781 A.2d 244, 246–47 (Pa.Cmwlth.2001).

6. Section 909.1(a)(5) of the MPC, Act of July 31, 1968, P.L. 805, *as amended,* added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(5).

7. Added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

8. Added by Section 91 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10912.1.

received directly by the Board without any involvement of the zoning officer, applications for zoning permits are submitted to the zoning officer and come before the Board only if the zoning officer's decision is appealed.

Section 701.2.1 of the Zoning Ordinance grants the zoning officer the authority to "[r]eceive applications for and issue zoning permits." In explaining the role of the zoning officer, this Court has stated: "Zoning officers generally act in a gatekeeper-type capacity, sheltering zoning hearing boards from the duty to render preliminary decisions as to zoning compliance." *Borough of Jenkintown v. Bd. of Comm'rs of Abington Twp.*, 858 A.2d 136, 140 (Pa.Cmwlth.2004). If, on appeal from the zoning officer's decision, an applicant was required to make out their entire zoning permit application to the Board and establish that each aspect of the proposed use was not prohibited under any provision in the applicable zoning ordinance—regardless of the basis for the zoning officer's decision—the zoning officer's function would essentially become a nullity, and appeals from the determination of the zoning officer would become the virtual equivalent of applications for variances and special exceptions. We find such an interpretation at odds with the statutory language, and it is unlikely that this was the General Assembly's intent in enacting the MPC.

▇▇▇ Furthermore, it has long been held that a court may not raise an issue *sua sponte* that does not involve the court's subject matter jurisdiction. *Hertzberg v. Zoning Bd. of Adjustment of City*

of Pittsburgh, 554 Pa. 249, 256 n. 6, 721 A.2d 43, 46 n. 6 (1998). "*Sua sponte* consideration of an issue deprives counsel of the opportunity to brief and argue the issues and the Board of the benefit of counsel's advocacy." *Miller v. Workmen's Comp. Appeal Bd. (Giant Food Stores, Inc.)*, 715 A.2d 564, 566 (Pa.Cmwlth.1998) (quoting *Follett v. Workmen's Comp. Appeal Bd. (Mass. Mut. Ins. Co.)*, 122 Pa. Cmwlth. 58, 551 A.2d 616, 621 (1988), *allocatur denied*, 522 Pa. 606, 562 A.2d 828 (1989)). Moreover, "raising issues *sua sponte* after the record is closed and without notice to the parties constitutes a due process violation." *Dep't of Transp., Bureau of Traffic Safety v. Malone*, 103 Pa. Cmwlth. 295, 520 A.2d 120, 122 (1987).

In this case, the zoning officer's denial of Orange Stones' application was based on the zoning officer's determination that the proposed "68 bed inpatient non hospital rehabilitation center for drug and alcohol persons" constitutes a "hospital." Nowhere in his July 10, 2008 denial letter does the zoning officer assert that he is denying Orange Stones' application because the proposed halfway house constitutes a "jail or prison." (R.R. 003a–005a.) In fact, the zoning officer affirmatively testified before the Board that the halfway house aspect of the proposed use is permitted under the Zoning Ordinance. (R.R. 044a.) Likewise, the focus of the testimony before the Board was whether the "68 bed inpatient non hospital rehabilitation center for drug and alcohol persons" constitutes a "hospital." At no point during the hearing before the Board did any party argue that the proposed halfway house constitutes a "jail or prison." [9] Indeed, the

9. During the two days of hearings before the Board, any questions or testimony concerning the scope and nature of the proposed halfway house was limited in nature and was between a member of the Board, Ray Dunkle, Jr., and the secretary/treasurer of Orange Stones,

Scott Snyder. The questions by Mr. Dunkle, given the procedural posture of the matter, were not sufficient to put Orange Stones on notice that the Board would consider whether the "halfway house" constituted a jail or pris-

record demonstrates that the issue of whether the proposed halfway house constitutes a "jail or prison" was not even a question until the Board issued its October 14, 2008 written decision.

■ Although clarifying the issues is among the functions of the Board, "that function does not cast it in the role of advocate." *Malone,* 520 A.2d at 122. Making matters worse, not only did the Board raise the "jail or prison" issue *sua sponte,* the Board raised the issue after the record was closed, thereby depriving Orange Stones of notice and an opportunity to address the issue on the record. *Id.* at 121–22. Orange Stones had no indication that the Board would deny its appeal and affirm the zoning officer's decision for a reason that was not raised by any party before the Board.[10] Therefore, the Board improperly raised the "jail or prison" issue *sua sponte.* *See Malone.*

Accordingly, we reverse and remand to the trial court to consider Orange Stones' appeal of the Board's ruling that the proposed use constitutes a "hospital" under Section 508.8.7 of the Zoning Ordinance.[11]

Judge SIMPSON concurs in the result only.

### ORDER

AND NOW, this 17th day of March, 2010, the order of the Court of Common Pleas of Berks County (trial court), dated April 29, 2009, is hereby reversed, and this matter is remanded to the trial court for further action in accordance with this opinion.

Jurisdiction relinquished.

---

on. The extent of the exchange between the two was limited to the following:

> Mr. Dunkle: Okay. Now, I'm still grasping on this parolee thing, prisoner. Can you answer some of them [sic] questions?
> Mr. Snyder: Possibly.
> Mr. Dunkle: Are they being incarcerated at your facility?
> Mr. Snyder: No.
> Mr. Dunkle: So they can leave any time they want?
> Mr. Snyder: They are receiving drug and alcohol treatment at our facility.
> Mr. Dunkle: Oh, you're not a halfway house meaning they get out of prison and then they go to your facility and you treat them, show them how to—
> Mr. Snyder: The 16 bed that's referenced in this application would be for individuals releasing to this area.
> Mr. Dunkle: So is their—I don't know if you could answer that but is their jail term done and they are just getting help to get out on their own or are they still serving time?
> Mr. Snyder: As part of serving out the last part of their sentence they are sent to a

facility like this. And where they learn life skills and job placement those kind of things [sic].
> Mr. Dunkle: Thank you.

(R.R. 087a–88a.)

10. We note that pursuant to Section 908(3) of the MPC, "[t]he parties to the hearing [before the board] shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board." 53 P.S. § 10908(3). Here, the Borough and Concerned Citizens of Hamburg entered appearances before the Board. Although both were given the opportunity to cross-examine Orange Stones' witnesses and to present witness testimony of their own, neither party raised the "jail or prison" issue.

11. Because we hold that the Board erred in deciding, *sua sponte,* that the proposed halfway house constitutes a "jail or prison," we need not address the other issues raised by Orange Stones on appeal.