IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wecan Transport, Inc.,              :
                    Appellant      :
                                    :
        v.                          :
                                    :
York County Tax Claim               :
Bureau and Konstantinos             :   No. 292 C.D. 2022
G. Sgagias                          :   Submitted: November 23, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  February 8, 2023


        Wecan Transport, Inc. (Wecan) appeals from the York County
Common Pleas Court's (trial court) March 1, 2022 order (March 1 Order) denying
Wecan's Praecipe for Status Conference, denying the York County Tax Claim
Bureau's (Bureau) Praecipe to List for Pre-Trial Conference, and dismissing
Wecan's objections/exceptions[1] with prejudice.  Wecan presents two issues for this
Court's review: (1) whether the trial court erred by *sua sponte* dismissing Wecan's
exceptions (2022 Exceptions) to a September 27, 2018 upset tax sale (Upset Sale)
on *res judicata* grounds; and (2) whether the trial court erred by dismissing Wecan's
2022 Exceptions on *res judicata* grounds, when the facts underlying the 2022
Exceptions were unknown to Wecan in 2018 when it filed its original exceptions to
the Upset Sale (2018 Exceptions), and where Wecan was not provided an

_____
[1] The trial court refers to the exceptions as both *objections* and *exceptions*.

opportunity to present evidence, argument, or briefing to the trial court on the issue.[2] After review, this Court affirms.

On September 27, 2018, the Bureau held the Upset Sale, wherein it sold the property located at 964 Old Rossville Road in Lewisberry, Pennsylvania, to Konstantinos G. Sgagias (Purchaser). On November 18, 2018, Wecan, through its principal Emeka Kingsley Oguejiofor (Oguejiofor), filed the 2018 Exceptions, claiming that it had no notice of the pending tax sale. On April 29, 2019, the trial court overruled the 2018 Exceptions. Wecan then filed a post-trial motion raising the sole issue of whether Wecan had provided the Bureau with a mailing address different than that used by the Bureau to provide notice of the pending tax sale. On May 31, 2019, the trial court denied Wecan's post-trial motion from which Wecan

---

[2] Wecan's Statement of the Questions Presented includes four issues:

> [1.] Did the [t]rial [c]ourt err by dismissing Wecan's 2022 [E]xceptions to the tax sale on res *judicata* grounds, when the facts providing the basis for Wecan's 2022 [E]xceptions were entirely unknown to Wecan at the time Wecan's 2018 [E]xceptions were dismissed?
>
> . . . .
>
> [2.] Did the [t]rial [c]ourt err by *sua sponte* dismissing Wecan's 2022 [E]xceptions on *res judicata* grounds without considering or addressing the unavailability of the underlying facts to Wecan at the time Wecan's 2018 [E]xceptions were dismissed?
>
> . . . .
>
> [3.] Did the [t]rial [c]ourt err by *sua sponte* dismissing Wecan's 2022 [E]xceptions on *res judicata* grounds without providing Wecan an opportunity to present evidence, argument, or briefing on that issue?
>
> . . . .
>
> [4.] Did the [t]rial [c]ourt err by *sua sponte* dismissing Wecan's 2022 [E]xceptions on *res judicata* grounds, when no party asserted *res judicata* as an affirmative defense?

Wecan Br. at 4. The Court has restated and reordered Wecan's questions for brevity and clarity.

2

appealed to this Court. The trial court directed Wecan to file a concise statement of errors complained of on appeal within 21 days pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Wecan failed to file its Rule 1925(b) Statement. Accordingly, this Court found Wecan had waived all issues on appeal.[3] Wecan appealed from this Court's Order to the Pennsylvania Supreme Court, which denied allowance of appeal.[4]

On January 20, 2022, Wecan filed the 2022 Exceptions. The Bureau and Purchaser did not file responses thereto. By way of the 2022 Exceptions, Wecan sought to overturn the Upset Sale based on allegations that Purchaser was not an eligible bidder because he owned property within York County through a limited liability company that had unpaid taxes, and that he was acting as a straw purchaser to avoid this restriction.

On February 18, 2022, Wecan requested the trial court to conduct a status conference and, on February 22, 2022, the Bureau requested a pre-trial conference. On March 1, 2022, the trial court denied both parties' conference requests and dismissed Wecan's 2022 Exceptions with prejudice. The trial court's March 1 Order stated, in relevant part:

> [T]he [trial c]ourt has received a Praecipe for Status Conference and a Praecipe to List for Pre-Trial Conference in this matter, the first filed by counsel for [Wecan] and the later filed by counsel for the . . . Bureau. The [trial c]ourt hereby DENIES both the request for a status conference in this matter and the request for a pre-trial conference in this matter. Further, the [trial c]ourt hereby DISMISSES [Wecan's] [2022 Exceptions] with prejudice. The September 2018 [] [U]pset [S]ale has already been adjudicated up to and including the

---

[3] *See In re: York Cnty. Tax Claim Bureau* (Pa. Cmwlth. Nos. 838, 1250 C.D. 2019, filed Dec. 31, 2020).

[4] *See In re: York Cnty. Tax Claim Bureau*, 272 A.3d 1284 (Pa. 2022).

> Pennsylvania Supreme Court. Thus, [Wecan's] [2022 Exceptions] are barred by *res judicata*.

March 1 Order at 1.

On March 14, 2022, Wecan filed a motion for reconsideration, which the trial court denied. Wecan appealed to this Court.[5] On March 30, 2022, the trial court directed Wecan to file a Rule 1925(b) Statement. On April 19, 2022, Wecan filed its Rule 1925(b) Statement. On April 21, 2022, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).[6]

Wecan contends that the trial court erred by *sua sponte* dismissing the 2022 Exceptions on *res judicata* grounds. "[I]t has long been held that a court may not raise an issue *sua sponte* that does not involve the court's subject matter jurisdiction." *Orange Stones Co. v. Borough of Hamburg Zoning Hearing Bd.*, 991 A.2d 996, 999 (Pa. Cmwlth. 2010). However, this Court has explained that "[t]o have a justiciable case, there must be, *inter alia*, a viable party seeking relief and the court must have subject matter jurisdiction; where either one or both are absent the court is without authority to adjudicate the matter and **the court may *sua sponte* raise either or both of the foregoing**." *Appeal of Yardley*, 646 A.2d 751, 754 (Pa. Cmwlth. 1994) (italics and bold emphasis added; footnote omitted).

Section 607(d) of the Real Estate Tax Sale Law (RETSL)[7] provides:

> Any objections or exceptions to [an upset] sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the

---

[5] "This [C]ourt's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion." *City of Phila. v. Rivera*, 171 A.3d 1, 4 n.7 (Pa. Cmwlth. 2017) (quoting *City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016)).

[6] Because Purchaser and the Bureau failed to file briefs, by August 24, 2022 Order, this Court precluded them from filing briefs and otherwise participating in this appeal.

[7] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

4

return by the tax collector to the bureau or of the claim entered. In case any objections or exceptions are filed they shall be disposed of according to the practice of the court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court.

72 P.S. § 5860.607(d). Thus,

> [t]he legislature in the [RETSL] specifically limited challenges to tax sales by the [b]ureau to owners or lien creditors of the real estate, and then limited them **only to filing objections or exceptions to the** "**regularity or legality of the proceedings of the bureau in respect to such sale**." 72 P.S. § 5860.607(d).

*Yardley*, 646 A.2d at 756 (emphasis added).

> [T]he legislature specifically states that any objections or exceptions to such [an upset] sale may question the regularity or legality of the proceedings of the [b]ureau in respect to the sale of the property being challenged. The foregoing language **clearly and unequivocally limits the objections or exceptions** of an owner or a lien creditor **to whether the [b]ureau complied with the procedures delineated by the legislature to bring a delinquent tax property to a public sale and the return and confirmation thereof**. **It is only the regularity or legality of the [b]ureau's processes** *as measured against the requisites delineated by the legislature* **which may be challenged by an owner or a lien creditor**.[8]

*Yardley*, 646 A.2d at 755 (footnote omitted; bold and italic emphasis added).

> Since the legislature in the [RETSL] limited the objections or exceptions which may be filed by an owner, the courts are limited in their review to the same limitation, i.e., **the courts only have the power or authority to consider objections or exceptions limited to the** "**regularity or legality of the proceedings of the bureau in respect to such sale**."

*Yardley*, 646 A.2d at 756 (emphasis added).

---

[8] Including but not limited to the requirements set forth in Section 602 of the RETSL. *See* Section 602 of the RETSL, 72 P.S. § 5860.602 (Notice of sale).

Wecan's 2022 Exceptions challenge Purchaser's eligibility to purchase the property at the Upset Sale given Purchaser's alleged deception so as to conceal outstanding tax liabilities. Section 619(c)(2) of the RETSL, upon which Wecan's 2022 Exceptions rely, *see* Reproduced Record at 4a, *permits* a *municipality*, within 15 days of a tax sale, to petition a court to prohibit a deed transfer to individuals identified therein. *See* 72 P.S. § 5860.619(c)(2). However, Section 619(c)(2) of the RETSL does not require *the Bureau* to determine at a public sale if the purchaser is a straw purchaser or owes outstanding taxes. Consequently, Wecan cannot raise a challenge thereto. Accordingly, because the 2022 Exceptions do not raise questions regarding the "regularity or legality of the proceedings of the [B]ureau in respect to such sale[,]" the trial court lacked subject matter jurisdiction to rule on the 2022 Exceptions. *Yardley*, 646 A.2d at 756; *see also* 72 P.S. § 5860.607(d).

For all of the above reasons, the trial court's order dismissing the 2022 Exceptions with prejudice is affirmed.[9]

_____
ANNE E. COVEY, Judge

---

[9] "An appellate court may affirm on other grounds where grounds for affirmance exist." *Martel v. Allegheny Cnty.*, 216 A.3d 1165, 1168, n.2 (Pa. Cmwlth. 2019).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wecan Transport, Inc.,                                     :
                 Appellant             :
                                  :
            v.                                       :
                                  :
York County Tax Claim                                     :
Bureau and Konstantinos                                   :     No. 292 C.D. 2022
G. Sgagias                                                :

## O R D E R

        AND NOW, this 8th day of February, 2023, the York County Common Pleas Court's March 1, 2022 order is affirmed.


                                _____

                                ANNE E. COVEY, Judge